In the Matter of the Petition of LEWIS H. CLARK, a taxpayer, etc., Appellant, v. ANDREW J. SHELDON, County Treasurer, etc., Respondent.

The provisions of the railroad act of 1869 (§ 4, chap. 907 Laws of 1869), directing and providing for the application of taxes assessed upon any railroad in a town, city or village; toward the redemption of bonds issued by the municipality to aid in the construction of such railroad, are not in conflict with any constitutional provision.

They do not impose a tax upon property in other portions of the county for the benefit of the town, city or village, they simply deprive such other portions of the benefit derived from the taxation of railroad property in the municipality.

They are not violative of the provision of the State Constitution (§ 8, art. 7), prohibiting the payment out of the treasury of the State of any moneys, except in pursuance of an appropriation, etc.; as the fund realized from such taxation does not belong to the State or go into its treasury.

They are not repugnant to the constitutional provision (§ 20, art. 3), declaring that every law which imposes a tax shall distinctly state the tax and the object to which it is to be applied; the said provision simply specifies what may be done with a tax which has been legally imposed.

Said statutory provisions include all taxes of every description save those excepted therein, i. e., school and road taxes, and so include town, village, city, county and State taxes.

The scheme of the act is practicable and not difficult of execution.

It seems the officers imposing the taxes, may ascertain the amount required to be paid under said provisions to the county treasurer and held by him as a sinking fund and specify the same in the warrant issued to the collector. If not so specified, the collector may make the proper deduction of school and road taxes and pay the balance to the county treasurer. If the duty of making the separation has not been discharged before payment to the county treasurer, it devolves upon him to make the separation and invest the proper amount as directed by the statute.

It is not requisite that the taxes so to be appropriated should be specially levied; they are to be levied in the same way as other taxes.

The said provisions are applicable to any municipality having bonds outstanding issued in aid of the construction of any railroad; and they are not limited to railroads constructed under said act of 1869.

Where, upon application under said act, of a taxpayer of a town, to compel the county treasurer to execute the provisions of the act, it

appeared that the taxes imposed upon railroads in the town for the year specified, after deducting school and road taxes, were much more than the sum specified in the petition as the amount of such taxes paid to the county treasurer. *Held*, that it was no defense that the petitioner had not prayed for a sufficient amount; that the county treasurer could not complain of this, or of an order requiring him to set aside a less sum than the act required.

*It seems*, that in such case, notwithstanding the prayer of the petition, the county judge has power to ascertain the amount and compel the county treasurer to set aside for a sinking fund all the taxes which may appear to have been paid to him, and which, by the act, are devoted to that purpose.

It is no answer on the part of the county treasurer in such proceedings that if he sets aside the taxes as required by the act there will be a deficiency in other funds, the law having appropriated them for a specific purpose, it is his duty to so apply them, and he may not use them for other purposes.

All prior laws in conflict with said provisions or requiring a different disposition of taxes so collected, were thereby so far modified or repealed.

(Submitted May 6, 1887, decided June 7, 1887.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 31, 1884, which affirmed an order of the county judge of Wayne county dismissing the petition of the appellant made by him as a taxpayer of the town of Sodus, Wayne county, under the act (chap. 907 of the Laws of 1869, as amended by chap. 283 of the Laws of 1871), praying for an order requiring the county treasurer of said county to execute the provisions of said act by investing the sum of $427.69, the amount of taxes other than school and road taxes received by him for the years 1881 and 1882, collected on the assessed valuation of two railroads in said town; to aid in the construction of which railroads the town had issued its bonds.

*J. Welling* for appellant. The defendant having received the money, $427.69, applicable to the redemption and payment of the bonds and interest thereon, cannot justify his refusal to invest it as required by the act of 1869, upon the ground that the law devoting it to that purpose is unconstitutional. (*Ross* v. *Curtis*, 31 N, Y. 606; *People* v. *Brown*,

55 id. 180-196.) The act of 1869 applies to all towns which have issued, or shall issue bonds to aid in the construction of "a railroad assessed in said town, city or village." (*Heaton* v. *Wright*, 10 How. Pr. 79, 83; Crabb's Syn. [ed. 1879] 761, 762.) This devotion of these taxes to the redemption of the bonds is a benefit to the towns which have aided in creating the property from which the taxes are received, and which is a public use for and benefit to the whole people of the State. (*Duanesburgh* v. *Jenkins*, 57 N. Y. 188, 189; *B'k of Rome* v. *Village of Rome*, 18 id. 38; *People* v. *Mitchell*, 35 id. 551; *Sturin* v. *Genoa*, 23 id. 43); *Clark* v. *City of Rochester*, 28 id. 605; *Bridges* v. *Sup'r of Sullivan*, 92 id. 579.) The legislature could properly, and did, by this section 4, donate these taxes in aid of towns which had bonded to aid railroads, to lighten the burden of taxation necessary to pay their obligations entered into in aid of a public benefit. (*People* v. *Draton*, 55 N. Y. 380, 381; *Town of Guilford*, v. *Sup'r*, 13 id. 149; *People* v. *Mayor, etc.*, 4 id., 419; *Brewster* v. *City of Syracuse*, 19 id. 116, 118.) The fact that these taxes were ostensibly raised for specific purposes, to which they were appropriated by other statutes than that invoked by the petitioner, afforded no excuse or defense to the treasurer for not investing or holding them, as required by this act of 1869. (*People ex rel.* v. *Baker*, 29 Barb., 81, 84, 87; *Bridges* v. *Sup'r of Sullivan Co.*, 92 N. Y. 570; *Monroe Sav gs B'k* v. *City of Rochester*, 37 id. 365; *Litchfield* v. *Lemon*, 41 id. 124; *People* v. *Home Ins. Co*, 92 id,. 328-340.) The action of the board of supervisors of Wayne county, in refusing to appropriate these taxes to the purpose of redeeming these bonds, or as a sinking fund for their redemption, was inadmissible in evidence, as it afforded no excuse or justification for the defendant;s refusal or neglect to comply with the requirements of this section. (*Bridges* v. *Sup'r of Sullivan*, 92 N. Y., 579.) These acts of 1869 and 1871 are not violative of any provision of the Constitution of this State. (Const. Debates

[Argus ed.], 721, 722; *People* v. *Sup'rs of Chenango,* 8 N. Y. 317; *People* v. *Sup'rs of Chautauqua,* 43 id. 14.) Taxes assessed, collected and in the hands of a county treasurer, are not money in the treasury of the State, nor a part of any of its funds, or of funds under its management. (*Mayor, etc.,* v. *Davenport,* 92 N. Y. 604, 616, 617.) These acts of the legislature are to be upheld as valid unless some constitutional restraint or prohibition against them can be found. Whether they may or may not, in their operations, be opposed to natural justice and equity is not a criterion to which their validity can be subjected. (*Bertholf* v. *O'Reilly,* 74 N. Y. 509, 516; *People* v. *Sup'rs of Ulster,* 36 Hun, 494; *Pres.* v. *Briggs,* 50 N. Y. 558, 559; *Town of Duanesburgh* v. *Jenkins,* 57 id. 188; *People ex rel.* v. *Briggs,* 50 id. 553–558; *People* v. *Albertson,* 55 id. 54, 55; *People* v. *Comstock,* 78 id. 356.) The bonds of the town of Sodus, to whose payment the taxes in question are sought to be applied, are not private or individual obligations made in aid of private, peculiar or speculative purposes of the town, or those of its inhabitants, but the obligations of a political division of the State, made to call into being and to aid to completion a public use for all, a benefit to the whole people. (*Lorillard* v. *Town of Monroe,* 11 N. Y. 394; 12 Barb. 161; *People* v. *Sup'rs of Montgomery,* 67 N. Y. 109; *People* v. *Sup'rs of Ulster,* 36 Hun, 496; *Town of Duanesburgh* v. *Jenkins,* 57 id. 188, 189; *Thomas* v. *Leland,* 22 Wend. 65; *B'k of Rome* v. *Rome,* 18 N. Y. 38; 19 id. 20; *People* v. *Mitchell,* 35 id. 551; *Clark* v. *Rochester,* 24 Barb. 446; *Starin* v. *Genoa,* 23 N. Y. 439; *Gould* v. *Sterling,* id. 456; *Grant* v. *Courtier,* 24 Barb. 222; *Benson* v. *Mayor, etc.,* id. 248; *Clark* v. *City of Rochester,* 28 N. Y. 605.) The legislature, in respect to taxation, being the representatives of the people, or in effect the people themselves, and having uncontrolable power over the whole subject of taxation, its object, purposes, exemption therefrom and details, must necessarily have absolute control over the product of taxation or taxes. (*People* v. *Dayton,* 55 N. Y. 380, 381; *Town of Guilford* v. *Sup'rs,*

*etc.*, 13 id. 149; *People* v. *Mayor, etc.*, 4 id. 419; *Brewster* v. *Syracuse*, 19 id. 116, 118; *B'k of Chenango* v. *Brown*, 26 id. 467; *Litchfield* v. *Vernon*, id. 133, 134; *People* v. *Flagg*, 46 id. 401; *Gordon* v. *Cornes*, id. 611, 612; *In re Van Antwerp*, 56 id. 261.) It is to be assumed, in the absence of proof to the contrary, that the board of supervisors of Wayne county has done its duty in respect to these taxes, and laid them out of view as being withdrawn from the taxes for State, county and other purposes, and assessed "generally upon the county at large a sufficient sum to cover the county charges (and State tax), in addition to the taxes for county purposes and other taxes levied upon railroads." (27 Hun, 175; 92 N. Y. 579, 580.)

*C. H. Roys* for respondent. As the appropriation act of 1881 is contradictory and irreconcilable with the acts of 1869 and 1871, the latter must be held to be repealed as to the State tax. (*Pet. Co.* v. *Embray*, 67 Barb. 261; *People* v. *Van Mort*, 64 id. 215; *Hartmann* v. *New York*, 51 How. 351.) The State and county tax of $427.69 cannot be taken and used as a sinking fund, as required by the petitioner, under the acts of 1869 and 1871, because that money has been imposed and collected as taxes and paid over to the county treasurer by and in pursuance of other statutes, and for other and entirely different purposes. (2 R. S. [7th ed.], 956; *Phelps* v. *Williams*, 5 Alb. Law Jour. 204; *People* v. *Mead*, 24 N. Y. 114; *People* v. *Brown*, 55 id. 180.) The provisions of the acts of 1869 and 1871, relating to the sinking fund in question, are unconstitutional and void. (*Stuart* v. *Palmer*, 74 N. Y. 183; *Weismer* v. *Village of Douglass*, 64 id. 91.)

EARL, J. This is a special proceeding instituted by a taxpayer of the town of Sodus, Wayne county, in this State, to compel the county treasurer of that county to execute the provisions of section 4 of chapter 907 of the Laws of 1869, as amended by chapter 283 of the Laws of 1871. The material portions of that section are as follows: "All taxes, except

school and road taxes, collected for the next thirty years, or so much thereof as may be necessary, in any town, village or city, on the assessed valuation of any railroad in said town, village or city, for which said town, village or city has issued or shall issue bonds to aid in the construction of said railroad, shall be paid over to the treasurer of the county in which said town, city or village lies. It shall be the duty of said treasurer, with the money arising from taxes levied and collected as aforesaid, which has heretofore been or shall hereafter be paid to him (including the interest thereon) to· purchase," bonds mentioned to " be held by said county treasurer as a sinking fund for the redemption and payment of the bonds issued or to be issued by said town, village or city to aid in the construction of said railroad or railroads.' In case any county treasurer shall unreasonably refuse or neglect to comply with the provisions of this act, any taxpayer in any town, village or city theretofore having issued bonds in aid of the construction of any railroad or railroads, is hereby authorized to apply to the county judge, on petition, for an order compelling said treasurer to execute the provisions of this act And it shall be the duty of said county judge, upon a proper case being made, to issue an order directing said county treasurer to execute the provisions of this act." Our main duty upon this appeal is to construe this section. It has several times been under consideration in the courts, and the views of judges in reference to it have have not been in entire harmony.

All taxes, except school and road taxes, imposed upon the railroads mentioned, are required to be paid over to the county treasurer; and this obviously means all the taxes of every description, including town, village, city, county and State taxes, except school and road taxes. The sums thus paid to the county treasurer are to constitute a sinking fund for the payment and redemption of the municipal bonds. There is nothing impractical in the scheme of this section. It is easy for the officers imposing the taxes to ascertain their amount after deducting school and road taxes; and the amount to be paid

to the county treasurer and held by him for a sinking fund can be specified in the warrant issued to the collector. (*People ex rel. Martin* v. *Brown*, 55 N. Y. 180.) But if not so specified, it must always be easy for the collector to make the proper deduction of school and road taxes, and then, in obedi‑ ence to the command of the statutes, to pay the balance to the county treasurer. If the duty of making the separation of the school and road taxes from the other taxes has not been discharged before payment of the taxes to the county treasurer, it will rarely, if ever, be difficult for him to make such separation, and it will be his duty to make it and invest the proper amount as directed by the statute. The authorities of towns, villages, cities and counties have no right to divert or appropriate these taxes for other purposes. (*Bridges* v. *Super‑ visors of Sullivan Co.*, 92 N. Y. 570.) They never come into the hands of the county treasurer for any other purpose than that mentioned in the section, and they are devoted by law to the benefit of the municipality in which they are col‑ lected, and must be held and invested in the mode directed for its benefit. The taxes which are to be paid into and con‑ stitute the sinking fund need not be specially levied, but they are to be levied in the same way as other taxes, and all the taxes thus levied are to be devoted to the purpose mentioned. It is quite true that a deficiency may thus be caused in funds required for town, village, city, county and State purposes, but the local authorities must in some way make provision for such deficiency and there is ample power in the statutes to do so.

The provisions of this section are applicable to any muni‑ cipality which has bonds outstanding issued under any act in aid of the construction of any railroad within its borders. The statute speaks of taxes upon the assessed valuation of " any " railroad for which the municipality has issued or shall issue bonds to aid in the construction of such road. And it authorizes any taxpayer in any town, village or city which has issued bonds in aid of the construction " of any railroad or railroads " to petition to the county judge for an order com-

pelling the county treasurer to execute the provisions of the act. It is not correct, therefore, to say that these provisions are to be executed only in the case of railroads constructed under the act of 1869 and the amendments thereto. The provisions are broad, comprehensive and general, and were intended for the benefit of all municipalities bonded in aid of railroads constructed in or through them.

It makes no difference as to the duty of the county treasurer that the taxes thus to constitute the sinking fund were not expressly collected or paid over to him for that purpose. The statute appropriates the taxes and makes it his duty to separate and set them apart for the sinking fund.

We do not perceive that these provisions of sections 4 are in conflict with any constitutional provision. They do not impose a tax on property in other towns of the county of Wayne, as claimed by the respondent, for the benefit of the town of Sodus. They simply deprive other portions of the county, of the benefit to be derived from the taxation of the railroad property within the town of Sodus. As to other portions of the county, it is practically the same as if the railroad property was exempt from taxation. It would be perfectly competent for the legislature to exempt all the railroads from taxation in the towns bonded to aid in their construction, and in making such exemption no constitutional provision would be violated. So too, the legislature could devote all the taxes imposed upon such railroads to town, village or city purposes; and this is what it has done. These provisions cannot even be charged with any great injustice. The railroad property thus to be taxed was, in the main, created by the municipalities bonded for their construction, and until they have either been reimbursed for their expenses which they have thus incurred, or have been able otherwise to pay their bonds, it is certainly not very unjust that that they should have the benefit of the taxes imposed upon the property which they have thus created.

These provisions are not in conflict with section 8 of article 7 of the Constitution, which provides that "no moneys shall

ever be paid out of the treasury of this State, or any of its funds, or any of the funds under its management, except in pursuance of an appropriation by law; nor unless such payment be made within two years next after the passage of such appropriation act; and every such law making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated, and the object to which it is to be applied; and it shall not be sufficient for such law to refer to any other law to fix such sum." This fund was not in the treasury of the State and never belonged to the State or to any fund under its management. Hence that section of the Constitution has no application to this case.

It is also clear that these provisions do not violate section 20 of article 3 of the constitution which provides that "every law which imposes, continues, or revives a tax, shall distinctly state the tax and the object to which it is to be applied, and it shall not be sufficient to refer to any other law to fix such tax or object." The law we are considering simply specifies what may be done with a tax which has been legally imposed. The constitutional provision referred to can have no application to such a case as this. (*In re McPherson*, 104 N. Y. 306.)

We are, therefore, of opinion that the provisions of section 4 are not in conflict with the constitution, that their meaning is reasonably plain and that it is practicable to execute them. It, therefore, only remains for us to inquire whether there is anything peculiar to this case which justifies the county treasurer in his refusal to execute these provisions.

What we have already said is a sufficient answer to most of the other objections made. It appears quite clearly from the petition and answer and the evidence upon the hearing before the county judge that the taxes imposed upon these two roads for the year 1881, after making deductions for school and road taxes, were much more than $427.69; but the petition alleges that that was the sum over and above school and road taxes which was paid to the county treasurer as the railroad taxes of that year; and upon the hearing before the county judge, the county treasurer admitted that the amount

of all taxes collected upon the assessed valuation of the railroads in the town of Sodus for the year 1881, and paid to him was the sum of $2,602.09, of which sum $427.69 was the portion of the railroad taxes other than school and road taxes, and it was that sum which the petitioner prayed that the county treasurer be compelled to pay, invest or set apart as a sinking fund under the fourth section. It is probably true, upon all the facts appearing in the case, that the county treasurer ought to have set aside a larger sum in the execution of his duties under the act. But it is no defense that the petitioner has not prayed for a sufficient amount, and that possibly the county treasurer could be vexed with further proceedings requiring him to set aside a further amount. It is his duty to set aside and invest as a sinking fund all the taxes paid to him and appropriated by section 4 for that purpose. But if the county judge should make an order requiring him to set aside a less sum than he ought to, certainly he cannot complain of such an order. Upon a rehearing of this case before the county judge, notwithstanding the prayer of the petition, the county treasurer could be compelled to set aside for a sinking fund all the taxes which may appear to have been paid to him and were devoted by the statute to that purpose, and there is ample power conferred upon the county judge to ascertain the amount and make an order accordingly.

It is no answer for the treasurer to say that if he should set aside these taxes for a sinking fund there would be a deficiency in other funds, and that he may not have money enough to pay the obligations of the county to the State and to the county officials and county creditors. He has no right to use the money, produced by these taxes, to discharge any of these obligations. The law has appropriated it for a specific purpose, and it is his duty to apply it to that purpose.

There are no subsequent statutes which in any way interfere with these provisions of section 4. The general laws of the State for the imposition and collection of taxes do not interfere, and were not intended to interfere with this section. These taxes were devoted to a special purpose by section 4,

and all prior laws in conflict with that section, or requiring a different disposition of taxes thus collected, are so far modified or repealed; and our attention has been called to no subsequent statute which has any bearing, whatever, upon the questions here involved.

We are, therefore, of opinion that the orders of the General Term and of the county judge should be reversed, and the proceedings remitted to the county judge for a further hearing upon the petition, and that the appellant recover costs against the respondent in this court and in the Supreme Court.

All concur.

Ordered accordingly.