VINTON, Supervisor, *v.* BOARD OF SUPERVISORS *et al.*

(*Supreme Court, General Term, Fifth Department.* October, 1888.)

1. RAILROAD COMPANIES—MUNICIPAL AID—CONSTITUTIONAL LAW—APPROPRIATIONS.
    Laws N. Y. 1869, c. 907, § 4, amended by Laws 1871, c. 283, providing that all taxes, except for schools and roads, assessed upon and paid by any railroad in a town which has issued bonds in aid of such railroad, shall be applied by the county treasurer to the purchase of certain bonds to be held by him as a sinking fund for the redemption of such aid bonds, does not violate Const. N. Y. art. 7, § 8, providing that "no moneys shall ever be paid out of the treasury of the state or any of the funds under its management, except in pursuance of an appropriation by law," etc. The money in the hands of the county treasurer cannot be regarded as in the treasury of the state, nor belonging to any funds under its management. Following *Clark* v. *Sheldon*, 12 N. E. Rep. 341.

2. SAME—CONSTITUTIONAL LAW—TAXATION.
    Nor do those acts violate Const. N. Y. art. 3, § 20, providing that "every law which imposes * * * a tax shall distinctly state the tax, and the object to which

it is to be applied, and it shall not be sufficient to refer to any other law to fix such tax or object." The acts in question simply specify what may be done with a tax which has been legally imposed. Following *Clark* v. *Sheldon*, 12 N. E. Rep. 341.

3. SAME—REMEDIES.

The remedy by petition, provided for by the act of 1871, for enforcing the application of the moneys collected, is not made prohibitory or exclusive of other remedies, and must therefore be held merely cumulative, and the party aggrieved has his election to proceed either by action or petition.

4. ACTIONS—FORM.

Where a complaint under the Code alleges all the facts necessary for either equitable or common-law relief, it cannot be dismissed for any objection to the form of the action.

Appeal from special term, Cattaraugus county.

This is an appeal by Frank C. Vinton, supervisor of Persia, from a judgment on the findings and decision of the judge at special term dismissing his complaint in an action to compel the authorities of Cattaraugus county to apply moneys collected by taxation to the payment of certain bonds voted in aid of a railroad.

*W. Woodbury,* for appellant.    *W. S. Thresher,* for respondents.

DWIGHT, J. The complaint alleges the bonding of the town in aid of a railroad; the construction of the road through the town; the assessment and collection of taxes on the property of the road; the misapplication of such taxes in the years 1874 to 1884, inclusive; and asks judgment that the defendants be required to refund the aggregate of such taxes, and apply the same to the cancellation of the bonds, issued by the town, as provided by chapter 283, Laws 1871, amending chapter 907, Laws 1869. The findings of fact by the court fully sustained the allegations of the complaint, but the conclusion of law was that the plaintiff was not entitled to maintain the action. The opinion of the court indicates that this conclusion was reached mainly from certain considerations of the unconstitutionality and impracticability of the acts of 1869 and 1871 above cited. The opinion also suggests the *quære,* whether the proceedings by petition provided for by the act of 1871 (*supra*) is not the only remedy available to the plaintiff in the premises, and also whether, in case an action can be maintained, it must not be an action at law against the county for money had and received.

We regard the case of *Clark* v. *Sheldon*, 106 N. Y. 104, 12 N. E. Rep. 341, which was decided since this action was before the special term, as disposing of all the objections here made to the constitutionality and practicability of the acts under consideration. Counsel for the respondent freely admits that such is the effect of that decision unless this case can be distinguished from that, and also suggests that the court of appeals had not its attention called to, or failed fully to consider, some of the arguments which he presents against the statute in question. We are unable to distinguish the cases, so far as those questions are concerned, and are not at liberty to suppose that the question involved received only a partial consideration in the court of last resort. The counsel must reserve his main argument until his case reaches that forum. But the case of *Clark* v. *Sheldon*, was a proceeding before the county judge, under the provisions of the act of 1871, and hence the question is open whether those provisions are exclusive of the remedy by action which the plaintiff seeks to employ in this case. Upon this question it will be observed that the rights which the plaintiff seeks to enforce in this action were given by the act of 1869, (*supra,*) and no mode was specified by that act for their enforcement. They were therefore enforceable by any remedy then known to the law. The proceeding by petition was first provided by the act of 1870, (chapter 789,) and in neither the last-mentioned act nor the amendment of 1871, (chapter 283, *supra,*) was the provision prohibitory or exclusive of other remedies. Upon well-settled principles, therefore, the remedy provided by the acts of 1870 and 1871 was cumulative, and the party aggrieved has his election to proceed by

action or by petition. In respect to the form of the action the objection seems not to be well taken. The complaint here alleges all the facts necessary for either equitable or common-law relief for a special decree directing specific official action, or for a judgment for money had and received. All the parties are before the court, and the appropriate judgment may be given against both or either of the defendants. A leading feature of the reform in the system of pleading and proceeding, in the courts of this state, wrought by the adoption of our Code of Procedure, is the abolition of "the distinction between actions at law and suits in equity, and the forms of all such actions and suits;" and it is the feature which, of all others has perhaps received the most tardy recognition at the hands of the profession and of the courts. But such distinction and forms have been abolished. There is now but one form of action for the enforcement or protection of private rights or the redress of private wrongs, and in every such action the party may have the relief, whether legal or equitable, to which, by his pleadings and proofs, he shows himself entitled. Code Proc. § 69; Code Civil Proc. § 3339; *Cuff* v. *Dorland,* 55 Barb. 481. This complaint could not, therefore, have been dismissed for any objection to the form of the action.

We do not feel called upon to consider the question of the application of the statute of limitations in this case. That statute is pleaded only to a portion of the plaintiff's claim, and therefore could not give occasion for a dismissal of the complaint. The judgment must be reversed, and a new trial granted, with costs to abide the event.