CHARLES BARNUM, AS SUPERVISOR OF THE TOWN OF THOMPSON, RESPONDENT, *v.* THE BOARD OF SUPERVISORS OF SULLIVAN COUNTY, APPELLANT.

*Town bonds — application of taxes from railroad property towards the payment of such bonds — the statute applies to bonds issued in renewal of the original bonds.*

It is provided by the Laws of 1869 (chap. 907, § 4, as amended by the Laws of 1871, chap. 283), that taxes, except school and road taxes, levied upon the assessed valuation of any railroad, to aid in the construction of which a town has issued bonds, shall be invested by the county treasurer as a sinking fund to pay off such bonds.

A town issued bonds of this character in 1871 which were held to be valid. In 1883 the legislature authorized the town to issue new bonds with which to retire the old ones, and to pay judgments obtained upon them. These new bonds were issued, and with their avails the old bonds and judgments were paid.

From 1881, to and including 1887, the property of the railroad was assessed, and the taxes resulting therefrom were applied by the county treasurer to the general

purposes of the county, and not to the formation of a sinking fund to retire the new bonds of the town.

In an action by the town to recover from the county the moneys thus diverted:

*Held,* that the statute of 1869, as amended in 1871, applied to the new renewal bonds, and that it was the duty of the county to apply the moneys received from the taxation of the railroad property to the formation of a sinking fund to pay off the same.

APPEAL by the defendant, the Board of Supervisors of Sullivan County, from a judgment, entered, after a trial by the court at the Sullivan Circuit, in the office of the clerk of the county of Sullivan on the 22d day of September, 1890, directing a recovery by the plaintiff of $1,766.80, and that said board levy said sum by tax and pay it to the county treasurer of said county for the benefit of the town of Thompson, with notice of an intention to bring up for review upon such appeal an order entered therein granting the plaintiff an additional allowance of costs.

The action was brought to recover the amount of certain State and county taxes collected from the Monticello and Port Jervis Railroad.

The court below found that the Monticello and Port Jervis Railroad was constructed and operated between the years 1868 and 1871 in the town of Monticello; that the taxpayers of said town subscribed consents to the bonding of the town in aid of the construction of said road sufficient in number and amount to authorize the bonding of the town under the statute. Pursuant thereto the town issued its bonds to the amount of $148,000, which were negotiated, and the proceeds used in the construction of said road; that, in each and all of the years 1881 to 1887, inclusive, the said railroad property was assessed by the assessors of said town in the same manner, and upon the same basis, and in the same assessment-roll, as all other property in said town, upon which assessment the State and county taxes, levied in said county of Sullivan, were apportioned and levied upon the taxable property of said town by the board of supervisors of said county, including the said railroad property; that the amount so levied and collected from the railroad property for State and county taxes, exclusive of school and road taxes, was by the collector of said town paid over to the county treasurer, and was by him mingled with all other moneys which came to his hands in one general fund, and was used and paid out by him for the use and benefit of said county.

*John F. Anderson* and *Lewis E. Carr*, for the appellant.

*T. F. Bush*, for the respondent.

LEARNED, P. J. :

This case is similar to that of *Kilbourne, Supervisor*, v. *Board of Supervisors*, decided at this term.\* It will not be necessary to consider any of the questions decided in that case.

Another question, however, is raised, viz., whether the bonds of the town of Thompson which are here involved, are such that the provisions of chapter 907, Laws of 1869, as amended by chapter 283, Laws of 1871, apply to them.

The town of Thompson issued bonds in 1869 to aid the Monticello and Port Jervis Railroad Company, and such bonds were exchanged for stock of that company. The case of *Horton* v. *Town of Thompson* (71 N. Y., 513), was an action on one of these bonds. The Court of Appeals, by a vote of four to three, held that the bond was void and reversed the decision of the General Term. (7 Hun, 452.) This doctrine was, however, in 1880, emphatically overruled by the Supreme Court of the United States in *Thompson* v. *Perrine* (103 U. S., 806), and again in *Same* v. *Same* (106 id., 589).

Thereupon, as the town of Thompson was thus declared to be liable on these bonds, an act was passed in 1883, chapter 226, authorizing the town to issue bonds and pay judgments and debts. Bonds were accordingly issued, and with the avails the judgments and original issue of bonds were all paid off. The issue of bonds under the act of 1883 is now outstanding, and it is in respect to that issue that the remedy is sought in this action. It is expressed in that act that the new issue is for the purpose of paying off bonds issued in aid of the Monticello and Port Jervis Railroad Company and judgments and coupons of said bonds.

This act of the legislature, accepted by the town, is an acknowledgment of the validity of the original bonds and of the error in the decision of the Court of Appeals. It can no longer be claimed that the original bonds were at any time invalid.

The bonds which were considered in *Strough* v. *Supervisors* (119 N. Y., 212), had a history somewhat similar. In *People ex rel. Irwin* v. *Sawyer* (52 N. Y., 296), the Court of Appeals reversed

---

\* Reported, *post,* page 210.

the action of the county judge in his proceedings to bond the town of Orleans. In *Orleans* v. *Platt* (99 U. S., 676), however, the Supreme Court of the United States held that the bonds issued under the proceedings before the county judge were valid. And in the *Strough Case* (*ut supra*) the Court of Appeals gave the remedy in respect to those bonds which is now asked for.

The only question, then, which need be considered is whether the renewal of the debt by the issue of new bonds, under the act of 1883, gives the town of Thompson the same right in regard to the application of these taxes which was held in the Strough case and others.

The provisions of the statute (chapter 283, Laws of 1871) important to consider are : "All taxes  *  *  * or so much thereof as may be necessary, in any town, village or city, on the assessed valuation of any railroad in said town, village or city, for which said town, etc., has issued or shall issue bonds to aid in the construction of said railroad shall be paid," etc.

The object of this is plain. The town has incurred a debt to build a railroad. It has thus increased the taxable property in the town. It is reasonable that the taxes on this increase shall go towards defraying the debt of the town. (*Clark* v. *Sheldon*, 106 N. Y., 104.) Now, the object to be accomplished is just as reasonable, and the end is just as much aimed at, when the debt of the town is renewed as when it remains in its original form. The object is to relieve the town in part from the burden which it has assumed for the public benefit. And the town is under the same burden after it has renewed the debt as before. This view was taken in *Van Tassell* v. *Derrenbacher* (56 Hun, 477) although not there necessary for the decision ; and it is plainly sound. It is the general tendency of our law to consider obligations as renewals, rather than new debts, when such is practically their character and where no conflicting rights are involved. Very likely, in the present case, the new issue of bonds was sold to persons other than the holders of the old. And so, too, the old bonds might have been transferred to others than the original holders. But that would make no difference. As between the town and the county the town still remains indebted and the tax on the railroad property is still appropriated to the debt.

The learned justice held that these taxes could not be applied to the costs in the judgments which were paid by the new issue of bonds, but that the amount of the recovery in this case would not be sufficient to pay the original debt. So that the question whether the costs could be paid from these taxes does not arise.

The judgment should be affirmed, with costs.

LANDON, J., concurred.

Judgment affirmed, with costs.