Adams, J.
The facts which are presented upon this motion are undisputed and may be thus briefly stated :
The towns of Brutus, Cato, Ira, Locke, Moravia and Sterling, in the county of Cayuga, have heretofore issued bonds in aid of •certain railroads running through their corporate limits, in accordance with the provisions of chapter 907 of the Laws of 1869, and the acts amendatory thereof. None of these bonds is now outstanding, the towns of Moravia and Locke having paid the last instalment of their bonds in 1876, the town of Brutus in 1882, and the remaining towns in 1888. Such bonds were paid by the respective towns before any moneys realized from the assessment •of such railroads had been paid over to them as contemplated by the acts in question.
On the 21st December, instant, the defendant, at a regular *90 session of its body, adopted certain resolutions directing the treasurer of the county to segregate from the contingent fund the sum of $4,355.06 and to place the same to the credit of such towns proportionally, and pledging itself to pay over the balance due to said towns for taxes received from said railroads within the six years last past, upon .condition that certain suits which had been commenced for the recovery of the sums due such towns should be discontinued, and these are the resolutions it is sought, to have rescinded by the writ asked for upon this motion.
The theory of the relator is that there being no bonds outstanding against any of the towns named, they have lost any right which may have accrued to them by virtue of the acts referred to.
This precise question has never been passed upon, so far as I am able to discover, and it is one which might well claim more careful attention than-1 am able to give it, by reason of the existing necessity for an immediate decision; but within the principle of the authorities cited, where these acts have been considered and construed, it would seem as though the relator’s contention was not well founded.
All these cases tend in one direction, and that is to hold that the object of the legislature was to give to towns which had issued bonds in aid of railroads the absolute right to the moneys received from such railroads for taxes in those towns for the period of thirty years, and this upon the theory that the railroad property thus taxed was created by the towns, and that it was but simple justice to reimburse them from the increased revenue derived from such taxes, and thereby to lighten the burdens which they had assumed.
In the case of Bridges v. Supervisors of Sullivan County, 92 N. Y., 570, it was held that moneys collected from taxes assessed upon railroads thus aided belonged to the towns where they were collected, and if withheld from such towns by the county an action as for money had and received would lie. It is true that this case rested upon the act of 1874, chap. 296, which is somewhat more specific in its provisions than are those under consideration, but in Clark v. Sheldon, 106 N. Y., 104; 8 St. Rep., 537, Earl, J., cites the Bridges case as applicable in principle to cases arising under the statutes of 1869 and 1871, and says: “ The legislature could devote all the taxes imposed upon such railroads to town, village or city purposes ; and this is what it has done."
Again, in the case of Strough v. Board of Supervisors, 119N. Y., 212-219; 28 St. Rep., 967, Andrews, J., uses .this language, in referring to money received by the defendant in the way of taxes-paid by railroads: “ The county applied it, in contravention of the act, towards the discharge of county obligations. It ought in justice to restore it, and make good to the town what it has lost by its unauthorized acts. ' To compel the performance of this duty, an action for money had and received is an appropriate remedy." And the general term of this department has said that the right to compel the county to account for moneys wrongfully applied to its own use, in a case of this character, was not *91 -created by the statutes in question, but “had its foundation in prior statutes of long standing, as well as in the precepts of the common law.” Wood v. Supervisors of Monroe Co., 50 Hun, 1-6; 18 St. Rep., 671.
If, then, the effect of these statutes is to give to the towns an absolute property right in the moneys thus received for taxes within the period of time prescribed thereby, and if, whenever those moneys are applied by the county to the payment of its own obligations, a cause of action arises in favor of the towns for money had and received, it is difficult to see why this remedy •does not continue to exist until barred by the statute of limitations, or until the expiration of the period named in the statutes, provided the towns have not meanwhile been fully reimbursed for the moneys expended in the liquidation of their bonded obligations.
Any other construction would work great injustice; for a town, •as in the present case, might find it very greatly to its interest to meet its bonds before maturity, or before the expiration of the thirty year limit, and having the opportunity to do so, might nevertheless be unable to embrace it without surrendering its privilege to participate in a property right which was created exclusively for the benefit of such town and to enable it to reimburse itself for the aid it had extended in the construction of railroads within its corporate limits. Bridges v. Supervisors Sullivan Co., supra.
My attention has been directed to certain rules of construction, which it is claimed must be violated if any effect is given to the statutes in question other than that contended for by the relator. The obvious answer to this contention is that the construction has already been given by tribunals whose determinations are controlling with this court. The effort here has been, not so - much to ascertain the meaning of the statutes themselves by the application of ordinary rules of construction, as to determine what interpretation they have already received; and if the adjudications herein referred to are correctly apprehended, it is impossible to reach a different conclusion than the one indicated by what has been said, although, as before stated, the precise question in controversy has never been expressly passed upon.
It is further urged that it would be better to allow the question to be litigated in the pending actions than to determine this motion adversely to the relator, as by so doing he might lose his remedy against the county.
But the question has been presented fairly by proceedings instituted by the relator and it must be disposed of as fairly as presented. If this court is in error, its decision can be reviewed and corrected with much less delay and expense to all concerned than would be involved by proceeding in the actions, while provision can easily be made for protecting all rights pending the determination of the appellate court.
The motion must be denied, with ten dollars costs.
S. Edwin Day, for app’lt; Wm. B. Woodin, for resp’t.
*92 Lewis, J.
The facts are fully stated in the opinion of J ustice Adams at special term, and there are sufficient reasons stated in his opinion for -granting the order appealed from.
The appellant contends that as it appears that the bonds have all been paid by the towns, they are not entitled to the benefit of the provisions of chap. 907 of the Laws of 1869, and the acts amendatory thereof.
A distinction is sought to be made between the rights of a town that has promptly paid its bonds as they matured and one that neglected to pay its bonds. Stress is laid upon the language of the act, that it is made the duty of the county treasurer with the money collected from the railroad to purchase the bonds if the same can be purchased at or below par, and if not, he must hold the money, with the accumulated interest, as a sinking fund for the redemption and payment of the bonds. It is true, if a strict construction be given to the words of the statute, that there is an apparent difficulty in applying its provisions to the case where the town has paid its bonds.
The question, when applied to the facts presented, is, as far as we are advised, a new one. We see, however, no reason why the town that has paid its bonds may not be subrogated to the rights of the original holder in the bonds and be held, as regards these acts, to own the bonds, notwithstanding they have been paid.
Equity requires -it, and no injustice is done to the county. It is-required to pay only such sums of money as it has received for the benefit of the town, and which it should have. applied to the payment of the bonds. Had the county obeyed.the commands of the statute the bonds would have been paid out of the money it received for that purpose.
Having failed to do its duty in that regard, the towns were compelled to pay the bonds, and they should be deemed to be the owners and holders for the purpose of receiving the money from the county.
The order appealed from should be affirmed, with ten dollars-costs and disbursements of the appeal.'
Dwight, P. J., and Macomber, J., concur.