WALLACE M. KILBOURNE, as Supervisor, etc., Respondent, *v.* THE BOARD OF SUPERVISORS OF SULLIVAN COUNTY, Appellant.

Where a claim against a county is based upon a wrong committed by or attributable to it, the claimant is not bound to submit it to the board of supervisors for audit and allowance.

Where taxes collected on the assessed valuation of a railroad in a municipality which has issued bonds to aid in the construction of said railroad, instead of being used by the county treasurer to purchase the bonds, or invested by him as required by the act authorizing municipalities to aid in the construction of railroads (§ 4, chap. 907, Laws of 1869, as amended by chap. 283, Laws of 1871), have been applied by that officer to the payment of county obligations, the town has an equitable cause of action against the board of supervisors of the county to compel the levying and collection of a tax upon the taxable property of the county for the amount so misappropriated, to be paid to the treasurer and used as required by the act.

The fact that the municipality has presented its claim to the board and demanded the levying and collection of the tax, and that the demand has been refused, does not confine the remedy of the claimant to a certiorari to review the action of the board, or to a mandamus to compel a compliance with the demand.

The exception of school taxes from the requirement of said act does not include that part of the state taxes collected from the railroad company which is to be paid to the state treasurer for school purposes. The school taxes excepted are those collected in the municipality for local school purposes.

Such a cause of action arises when the county treasurer appropriates the money to the payment of county obligations, and where the Statute of Limitations is pleaded as a bar, the burden is upon defendant to show that the money was so misappropriated more than six years before the commencement of the action.

Where, therefore, an action was commenced December 24, 1888, to recover for a tax of 1881, which, it appeared, was paid to the county treasurer early in 1882, but there was no evidence to show when the county treasurer misappropriated it, *held*, that the defense of the statute was not sustained.

Plaintiff's recovery included the tax of 1887; this was paid to the county treasurer before, but was not misappropriated until shortly after the commencement of the action. *Held*, that as the action was an equitable one, said tax was properly included.

This action was brought to recover the state taxes collected in the town of Liberty, assessed upon the property of the N. Y., O. & M. R. R. Co.

and its successor in that town, which, prior to 1874, was exempt from taxation. A previous action was brought, based upon the act of that year (Chap. 296, Laws of 1874), which removed the exemption, made the property of the company liable to taxation, and required the county taxes collected from its property, in a municipality which had issued its bonds to aid in the construction of its road, to be paid over to the rail road commissioners. The recovery in that action was limited to the county taxes. (92 N. Y. 570.) *Held,* that the former judgment was not a bar to a recovery herein.

Reported below, 62 Hun. 210.

(Argued January 24, 1893; decided February 7, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 24, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lewis E. Carr* for appellant. The plaintiff's remedy, assuming there was one, was not by an action against the board of supervisors, but by mandamus or certiorari. The decision of that body on the plaintiff's claim was final until reviewed and reversed in the proper way and by the proper method of procedure. That method was not by an action at law to recover the moneys claimed. (*Strough* v. *Bd. Suprs.,* 119 N. Y. 112; *Bridges* v. *Bd. Suprs.,* 92 id. 570; *People* v. *Suprs.,* 67 N. Y. 109, 114; *Osterhout* v. *Rigney,* 98 id. 222, 232, 233; *People ex rel.* v. *Barnes,* 114 id. 317; *People ex rel.* v. *Suprs.,* 51 id. 401; *People ex rel.* v. *Suprs.,* 70 id. 228, 233; *People ex rel.* v. *Suprs.,* 56 Hun, 459; *People ex rel.* v. *Suprs.,* 25 id. 313; *People ex rel.* v. *Suprs.,* 51 N. Y. 442; *Spaulding* v. *Arnold,* 125 id. 194.) The judgment appealed from was erroneous, because the acts of 1869 and 1871 had and have no application to taxes paid upon the property of the New York and Oswego Midland railroad and its successor. The disposition of the taxes on that property was provided for in the act subjecting it to taxation. (*Clark* v. *Sheldon,* 106 N. Y. 110; *People* v. *U. Ins. Co.,* 15 Johns. 358; *Jackson* v. *Collins,* 3 Cow. 89;

*Dresser* v. *Brooks,* 3 Barb. 429 ; *Holmes* v. *Carley,* 31 N. Y. 289 ; *Chase* v. *R. R. Co.,* 26 id. 523 ; *Harbeck* v. *Pupin,* 55 Hun, 355 ; *Delafield* v. *Brady,* 108 N. Y. 524, 526 ; *People* v. *R. Co.,* 84 id. 565 ; *In re R. W. Coms.,* 66 id. 413 ; *Chase* v. *Lord,* 77 id. 1 ; *In re Breslin,* 45 Hun, 210 ; *Heckman* v. *Pinckney,* 84 N. Y. 211, 215 ; *Anderson* v. *Anderson,* 112 id. 104, 111 ; *People* v. *Jahne,* 104 id. 182, 194 ; *People ex rel.* v. *City of Brooklyn,* 69 id. 605 ; *Lyddy* v. *Long Island City,* 104 id. 218 ; *P. R. Co.* v. *Allen,* 16 Barb. 15 ; *People* v. *G. & S. E. Co.,* 98 N. Y. 67 ; *Major* v. *Buel,* 12 Daly, 494 ; *Stowell* v. *Chamberlain,* 60 N. Y. 272 ; *Guest* v. *City of Brooklyn,* 79 id. 624 ; *Tuska* v. *O'Brien,* 68 id. 446 ; *Jordan* v. *Van Epps,* 85 id. 427 ; *Culross* v. *Gibbons,* 130 id. 447, 454 ; *Ashton* v. *City of Rochester,* 133 id. 187, 193 ; *Pray* v. *Hegeman,* 98 id. 351, 358 ; *Griffin* v. *L. I. R. R. Co.,* 102 id. 449, 452.) The recovery, if well founded, was far too much. The amount of the tax for school purposes should have been deducted. (2 R. S. [8th ed.] 1301, 1302, 1303 ; Laws of 1887, chap. 68.) The recovery was, in any event, too great, because it included more years than fell within the limitation adopted by the court. (*Green* v. *Roworth,* 113 N. Y. 462 ; *T. N. Bank* v. *Parker,* 130 id. 415 ; *Kelly* v. *Leggett,* 122 id. 633 ; Code Civ. Pro. § 1207.)

*T. F. Bush* for respondent. The act of 1869 is constitutional, is well grounded in public policy, and should be so construed as to accomplish the object intended. (*Clark* v. *Sheldon,* 106 N. Y. 104 ; *Strough* v. *Suprs.,* 50 Hun, 54 ; 119 N. Y. 212 ; *Crowninshield* v. *Suprs.,* 124 id. 583.) The act of 1869, so far as it relates to the state taxes, is not repealed or changed by chapter 296 of the Laws of 1874. The latter act applied only to the county taxes. (*Bowen* v. *Lease,* 5 Hill, 221–225 ; *Loomis* v. *Loomis,* 51 Barb. 257 ; *People ex rel.* v. *Palmer,* 52 N. Y. 83 ; *Mungeon* v. *People,* 55 id. 613 ; *In re Cruser,* 89 id. 403 ; *Mark* v. *State,* 97 id. 578.) The exception of " school and road taxes " in the act of 1869, does not relate to that portion of the state taxes intended for school

purposes. (*In re Breslin*, 45 Hun, 210, 214, *Smith* v. *People*, 47 N. Y. 330; *People* v. *Davenport*, 91 id. 574; *Beil* v. *Mayor, etc.*, 105 id. 139, 144; *Delafield* v. *Brady*, 108 id. 529; *People* v. *La Combe*, 99 id. 49; *Weiler* v. *Newbach*, 47 Hun, 168.) A recovery for the taxes of 1881 was not barred by the Statute of Limitations. (*Spaulding* v. *Arnold*, 125 N. Y. 194; 2 R. S. 996, § 37.) The taxes of 1887 were properly included in the recovery. (Code Civ. Pro. § 1207; Story's Eq. Juris. §§ 64, 72; *Rathbone* v. *Warren*, 10 Johns. 586; *Kershaw* v. *Thompson*, 4 Johns. Ch. 609; *Peck* v. *Goodberlet*, 109 N. Y. 180, 189; *Spears* v. *Mayor, etc.*, 87 id. 359, 376; *Day* v. *Town of New Lots*, 107 id. 154; *Lynch* v. *M. E. R. R. Co.*, 129 id. 280; *Carpenter* v. *Osborne*, 102 id. 552; *Nanny* v. *Fanchor*, 39 N. Y. S. R. 890.) The demand made of the board of supervisors that it should ascertain the amount of this tax and levy the money and replace it in the treasury to meet the requirements of the act of 1869; and the refusal of the board to comply with the demand cannot constitute a bar to this action. (*People* v. *Suprs.*, 45 N. Y. 196; *Hull* v. *Suprs.*, 19 Johns. 259; *People* v. *Board of Auditors*, 82 N. Y. 80.)

EARL, J. By section 4 of chapter 907 of the Laws of 1869, as amended by chapter 283 of the Laws of 1871, which we will hereafter for convenience cite as the act of 1869, it is provided that "all taxes, except school and road taxes, collected for the next thirty years, or so much thereof as may be necessary, in any town, village or city, on the assessed valuation of any railroad in said town, village or city, for which said town, village or city has issued or shall issue bonds to aid in the construction of said railroad, shall be paid over to the treasurer of the county in which said town, city or village lies;" and then it is made the duty of the treasurer, with the money so paid to him, to purchase the bonds of the municipality issued to aid in the construction of the railroad, when the same can be purchased at or below par, and cancel them. But in case he cannot so purchase the bonds, then he is

required to invest the money, with the accumulated interest thereon, in the bonds of this state, or of any city, county, town or village thereof, to be held by him as a sinking fund for the redemption of the bonds issued by the municipality for the construction of the railroad. That act applied to every rail-road for the construction of which any of the municipalities had issued or might thereafter issue its bonds; and all the taxes, except school and road taxes, collected from such a railroad were to be devoted to the purposes mentioned in the act. (*Matter of Clark* v. *Sheldon*, 106 N. Y. 104.)

Prior to the year 1874, the property of the New York, Oswego and Midland Railroad Company was exempt from taxation, and in that year, by chapter 296, the law exempting such property from taxation was repealed and the property of that company was made liable to taxation; and it was pro-vided that all money collected from the property of the com-pany for county taxes in any of the towns or municipalities which had issued bonds in aid of its construction should be appropriated to such towns or municipalities and paid over to the railroad commissioners thereof to be expended by them in payment of the principal and interest of such bonds.

The New York, Oswego and Midland railroad was con-structed through the town of Liberty, and that town under the provisions of chapter 398 of the Laws of 1866, issued its bonds in aid of the construction thereof to the amount of $108,000. After 1874 taxes were imposed upon and collected from the railroad company, in that town, and so much of the money thus realized as was paid over to the county treasurer of Sullivan county, was used and disposed of by him in the discharge of county obligations. In 1879 the town through its supervisor commenced an action against the supervisors of Sullivan county based upon the act of 1874, to recover the money collected in that town from the railroad company for county taxes and paid over to the county treasurer and used and applied by him for county purposes prior to the com-mencement of that action. That action was put at issue and brought to trial, and the trial court awarded the plaintiff judg-

ment for both the county and state taxes paid to the county treasurer and misappropriated by him. From that judgment the defendant appealed to the General Term where it was modified by striking therefrom so much of the recovery as related to the state taxes, and as thus modified it was affirmed; and upon the further appeal of the defendant to this court the General Term judgment was affirmed. (*Bridges* v. *Supervisors of Sullivan County*, 92 N. Y. 570.) That action was based solely upon the act of 1874, and as that act did not deal with the state taxes, it was held that the plaintiff could not for that reason recover them. Under that act the county taxes were appropriated to the municipality in which the taxes on the railroad were imposed and they were required to be paid by the collector to the railroad commissioners of the municipality who were to use the money to pay the principal and interest of its bonds. Under that act, as the money was to be paid to and belonged to the municipality, it was held that it could recover a money judgment for the amount thereof. In the recent case of *Woods* v. *Supervisors of Madison County*,[*] we held that the acts of 1869 and of 1874 could stand together, and that the municipalities which had issued bonds in aid of the construction of the Midland railroad were entitled to the benefit of the county taxes under the act of 1874, and of the state taxes under the act of 1869. Under the act of 1869 the money collected by taxes upon the property of the railroad company is not to be paid over to the municipality, but is to be paid to the county treasurer, and by him used and invested for the purposes specified in the act. The prior action was an action at law. This is an action in equity. That action was based upon a distinct cause of action under the act of 1874, and it in no way legally involved the taxes in question in this action. It is, therefore, very clear that the recovery in that action is in no sense a bar to a recovery in this.

This action was brought under the act of 1869 to recover the state taxes collected from the New York, Oswego and

[*]136 N. Y. 403.

Midland Railroad Company, and its successor, the New York, Ontario and Western Railroad Company, in the town of Liberty, from the year 1874 to 1887, both inclusive ; and in the complaint the plaintiff alleges the imposition of the taxes upon the railroad and their collection, and that they were paid to the treasurer of the county, and by him used for the benefit of the county.   A judgment is prayed for the recovery of the money, with  interest, and that the several sums, with interest thereon, be levied and collected from the taxable property of the county and paid to the treasurer thereof for the purpose of purchasing and canceling the outstanding bonds of the town, or for investment as a sinking fund, pursuant to the provisions of the statute.   The action was put at issue and resulted in a judgment in favor of the plaintiff.

Before the commencement of the action the plaintiff presented his claim to the board of supervisors and demanded that it should levy upon and collect from the taxable property of the county of Sullivan the several sums of money with interest thereon to be paid to the county treasurer for the benefit of the town, and to be used or invested by him in conformity with the provisions of the statute, which demand the board of supervisors refused to comply with.

The learned counsel for the defendant now claims, that the remedy of the plaintiff was not by an action, but that he should have either reviewed the action of the supervisors by certiorari or should have compelled them to act in pursuance of the demand by mandamus.  We do not think that the claim of the plaintiff was one which he was bound to present to the board of supervisors for audit and allowance like other ordinary claims and charges against the county.  While this has been styled an action for money had and received by the county to and for the use of the town, it is really an action based upon wrong, the misappropriation of the money by the county through its agent the treasurer.  Instead of using and applying the money as required by the statute the county wrongfully appropriated it to the discharge of its obligations to the state   (*Rothschild* v. *Mack*, 115 N. Y. 1; *Strough* v.

*Board of Supervisors,* 119 id. 212 ; *People* v. *Wood,* 121 id. 522.) Where a claim against a county is one based upon a wrong committed by it or attributable to it the claimant is not bound to submit it to the board of supervisors for audit and allowance. (*Brady* v. *Supervisors of New York County,* 2 Sandf. 460, affirmed 10 N. Y. 260 ; *Newman* v. *Supervisors of New York County,* 45 N. Y. 676.) The plaintiff had against the county an equitable cause of action, and he may also have had a legal cause of action against it, *ex delictu,* to recover damages for the misappropriation of the money. He may have had the right to choose either form of remedy. But in no aspect of the case was he bound to submit his claim to the board of supervisors for audit. The plaintiff therefore committed no error in seeking his remedy by action rather than by one of the special proceedings mentioned.

The state taxes collected from the railroad company were in part imposed to raise money for school purposes to be paid to the state treasurer, and distributed by him through the proper officers to the various school districts in the state. It is therefore claimed that the plaintiff was not entitled to recover for so much of the state taxes as were thus for school purposes. It is very manifest that these taxes paid into the state treasury for school purposes are not the school taxes excepted in the act of 1869. The act appropriates all the taxes as provided therein except " school and road " taxes. The school taxes thus excepted manifestly have reference to those taxes collected in the various districts and municipalities for local school purposes. All the taxes paid into the state treasury are for state purposes, and it in no way interferes with the school system of the state to intercept and appropriate a portion of these taxes as provided in the act ; and it would work great embarrassment and injustice if the taxes imposed in the various school districts of the state were required to be so appropriated.

It was held in the case of *Strough* v. *Supervisors, supra,* that the cause of action in a case like this arises when the misappropriation of the money is made by the county treasurer, and in this case it arose when the county treasurer appropriated the

money to the payment of the county obligations to the state. This action was commenced on the 24th day of December, 1888, and the plaintiff recovered for the tax of 1881, which was paid to the county treasurer early in 1882. The defendant claims that that tax was misappropriated by the county treasurer more than six years before the commencement of this action, and hence that the plaintiff should not have recovered on account of it. But the answer to this claim is that the burden was upon the defendant to show that this money was misappropriated more than six years before the commencement of the action, and this the proof fails with certainty to show. Hence there was no error in holding that the right to recover on account of that tax was not barred by the Statute of Limitations.

The plaintiff's recovery included the tax of 1887, and that tax although paid to the county treasurer long before the commencement of this action, was not misappropriated until a few days after it was commenced, and the defendant objects that it was erroneous to include that tax in the recovery. It was included in the complaint and in the plaintiff's demand for relief. This is an equitable action, and the tax depends upon the same rights as the taxes for the other years. It was involved in the same controversy, misappropriated in the same way, and the defendant's obligation for the tax of that year was the same as for the taxes of all the other years. It was a part of the plaintiff's controversy with the defendant, and, therefore, although it was not misappropriated until a few days after the commencement of the action, it was not erroneous in this equitable action to afford the plaintiff relief in reference to it. While in actions at law the whole cause of action must have arisen before the commencement of the action and no relief can be given as to anything which occurred subsequently, such is not the rule in equitable actions. In such an action the court having obtained jurisdiction of the parties and subject of the action will bring its relief down to the trial and thus make an end of the litigation, so far as it pertains to the matter in controversy between the parties.

That is a familiar rule in equity as illustrated in the numerous authorities cited by the counsel for the plaintiff. We think, therefore, there was no error in including the tax of that year in the recovery awarded the plaintiff.

For these reasons, and those quite satisfactorily set forth in opinions delivered in the court below, we think the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.