L'HOMMEDIEU *v.* SMITH.

1. EQUITY—PARTIES—MOTION TO DISMISS.
   A bill in equity was improperly dismissed as to 2 defendants on their motions to dismiss before hearing on the merits, where it stated a cause of action although such cause of action may not have been stated against each defendant against whom the suit was brought.

2. SAME—PLEADING—MOTION TO DISMISS.
   All well-pleaded conclusions of fact set forth in plaintiff's bill must be accepted as true in determining a motion to dismiss before hearing on the merits.

3. ACCOUNTING—PLEADING—CITY TREASURER.
   Bill of complaint by city policemen and firemen to declare void an agreement whereby each surviving signer thereof was to contribute $20 upon the death of a cosigner to be paid to des-

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading § 333.
[2] 41 Am Jur, Pleading § 332.
[3] 1 Am Jur, Accounts and Accounting § 45.
[4] 41 Am Jur, Pleading § 3.
[5] 19 Am Jur, Equity § 18.

ignated heirs and beneficiaries of the latter and for an accounting by defendant city and its treasurer as to sums received after disavowal of the agreement by plaintiffs *held,* to have stated a case for accounting by the city and its treasurer.

4. Pleading—Purpose.

The purpose of an initial pleading is to inform defendants as to the nature of the case plaintiff allegedly holds against them.

5. Accounting—Jurisdiction—City Treasurer.

The termination of tenure of office by defendant city treasurer a year or more after plaintiff city policemen and firemen had filed their bill to disavow agreement to contribute $20 upon the death of a cosigner and for an accounting as to sums collected since disavowal would not afford a ground for dismissal of the bill as to such defendant, since equity's jurisdiction over parties and the subject matter is determinable with regard to the situation existing at the time the bill was filed, as shown in the bill.

Appeal from Wayne; Brennan (John V.), J. Submitted June 12, 1957. (Docket No. 60, Calendar No. 47,279.) Decided March 4, 1958.

Bill by Frank E. L'Hommedieu, Jr., Clarence Hagler, Jr., Joseph Kolbe, Anthony Kulychuk, and Irvin Anderson, individually and in behalf of others similarly situated, against Robert M. Smith, as trustee and as city treasurer, the City of Highland Park, a municipal corporation, Frank Ford, fire chief, and Dewey Schultz, police chief, to enjoin collections under policemen's and firemen's benefit agreement, for an accounting and for other relief. On motion, bill dismissed as to defendants Smith and City of Highland Park. Plaintiffs appeal. Reversed.

*Ellmann & Ellmann,* for plaintiffs.

*Earl B. Young,* City Attorney, and *Crawford S. Reilley,* Assistant City Attorney, for defendants.

BLACK, J. This case was originally assigned to a Brother Justice. It was reassigned to the writer during the October term.

Plaintiffs' bill was filed in the Wayne circuit January 26, 1953. The sworn answer of defendants Smith and city of Highland Park was filed February 11, 1953. Forty months later (May 28, 1956) defendants Smith and Highland Park moved to dismiss the bill as to them, assigning in general the reasons we shall quote from the chancellor's opinion. The motion was granted. Plaintiffs appeal.

The bill alleges, in general substance, that since 1931 the plaintiffs with other policemen and firemen of the defendant city have been coerced into signing a so-called "Policemen's and Firemen's Benefit" agreement as a condition to obtaining or retaining employment as policemen or firemen of the city; that the agreement provides, upon and in event of death of any signer thereof, that each of the remaining signers must pay $20 to the city treasurer (defendant Smith) in trust to be paid over by him to specified heirs or beneficiaries of the deceased signer; that the agreement authorized the defendant city treasurer to deduct such required amounts from the salaries or pension allotments due each signer; that the agreement for stated reasons was and is illegal; that they, the said plaintiffs, have formally and successively notified the defendant city treasurer and the defendant city to cease and terminate such deductions; that the latter have refused to recognize or conform to such desist notices, and that they, the said plaintiffs, are entitled to specific relief as against all of the defendants for and on account of such charging part of the bill.

The ultimate allegations of the bill appear in paragraphs 21, 22 and 23, quoted as follows:

"21. On or about the 30th day of September, 1952, thirty-one active members of the fire department of the city of Highland Park, including plaintiffs herein, formally requested that their names be removed from the rolls of the 'Policemen's and Firemen's Benefit' by letter sent to each of the defendants herein. A copy of said letter is incorporated and attached as exhibit B. Such communication thereupon received the attention of various officers and agents of the city of Highland Park including defendant Smith, and was thereafter considered by the council of said muncipality and 'placed on file' by said body.

"22. On October 20, 1952, some 51 active members of the police and fire departments of the city of Highland Park, including plaintiffs herein, directed a further communication to defendant Smith, requesting that no further deductions be made by the city treasurer from their regular compensation by way of contributions or payments to any fund under the 'Policemen's and Firemen's Benefit.' A copy of said communication is incorporated and attached as exhibit C.

"23. Members of said forces are paid stipulated compensation by defendant municipality for their services by means of checks drawn upon funds of the city and signed by defendant Smith as city treasurer; such checks are paid every other week to each employee and represent compensation for services performed by the employee up to and including the 10th day preceding date of payment. Notwithstanding the terms of exhibit C, defendant Smith has at all times thereafter continued to make deductions from the compensation otherwise due to each of said employees, including the named plaintiffs, for so-called contributions or liabilities to the 'Policemen's and Firemen's Benefit.' Said defendant has further given notice of his intention to continue to do so by letter of November 18, 1952, a copy of which is incorporated as attached exhibit D. Such acts constitute unauthorized confiscation of plaintiffs' prop-

erty and earnings without due process and contrary to law."

Following are the chancellor's reasons for grant of the motion:

"The court, in granting the motion to dismiss against the city of Highland Park and Robert M. Smith, its former treasurer, did so for the reason that Robert M. Smith, who had formerly served the city of Highland Park as city treasurer, had retired some time prior to the filing of the aforesaid motions: and is no longer connected in any way whatsoever with the affairs of the city, or concerned with or affected by allegations set forth in the alleged bill of complaint.

"The court, in granting the motion for dismissal against the city of Highland Park did so for the reason that the city of Highland Park was not, and is not, connected in any legal or contractual way with the aforementioned benefit agreement mentioned in the bill of complaint. Also, the city of Highland Park, as a municipal corporation, could not by its officers be held liable in any way to answer for any of the matters alleged in the bill of complaint."

We disagree with such reasoning. The bill to us is a model of fairly informative pleading. Whether the accounting as sought by plaintiffs is due from defendant Smith or defendant city of Highland Park, or both, or whether that accounting is due from remaining defendants, or whether plaintiffs are entitled to no relief at all, are questions for determination on testimonial hearing rather than motion to dismiss. The latter is but another instance of attempted short-cut trial of issues of fact—by motion and without taking of testimony—and it proceeds (as did the moving defendant in *Love* v. *Wilson,* 346 Mich 327) on erroneous assumption that a bill in equity must state, as at law, a cause of action against

each defendant in order to hold the latter in court until the invoked purposes of equity are fulfilled.

Here, accepting as we must the well-pleaded conclusions of fact set forth in plaintiffs' bill, it will not be known until the nigh-to-4-year framed issues are tried whether the actual deductions, from employee wages as made by the defendant city treasurer, were or were not lawfully retained by the latter —officially or otherwise—after the desist notices of September 30, 1952, and October 20, 1952, were given. Too, and if plaintiffs should prevail according to their allegation of illegal deduction and retention, it will not be known until the time for decree arrives whether defendant Smith has retained such deducted funds personally, or whether such funds remain in city coffers, or whether the same have been lawfully or otherwise disbursed. Since the theory of this bill is that the city treasurer illegally continued, after desist notices, to withhold funds he and his principal should now account for in equity, and since if plaintiffs' allegations are true one or the other or both of the named defendants (Smith and city of Highland Park) now hold or should account for such withheld amounts, the bill states fair case for an accounting as against such named defendants.

When all is said, the purpose of an initial pleading is to reasonably inform the defendant or defendants as to the nature of the case the plaintiff allegedly holds against them or, if the suit be one in equity, to inform the defendant or defendants of reasons known to equity why they should be held to answer and trial in furtherance of equity's final purpose— "that of providing full and complete relief with due adjustment in one suit of the rights and duties of all of the named parties growing out of or connected with the subject matter of the suit." (Quotation from *Love,* pp 330, 331 of report.)

As to dismissal of defendant Smith: Termination of his tenure of the office of city treasurer, occurring a year or more after filing of this bill, furnishes no ground for such dismissal. Equity's jurisdiction over parties and subject matter is always determinable with regard to the situation existing at time of filing of the bill, as shown in the bill. Jurisdiction over defendant Smith having been attached, termination of Smith's official tenure occurring thereafter neither defeats the jurisdiction over Smith nor alters right of the plaintiffs to retain Smith as a party (*Barber* v. *Barber,* 327 Mich 5, 10). The plaintiffs in such case are entitled to relief determinable according to the situation as it may present itself when the time for decree arrives (*Michigan Iron & Land Co.* v. *Nester,* 147 Mich 599; 19 Am Jur, Equity, § 411, p 283; 30 CJS, Equity, § 74, p 430).

Looking at this case and others of its kind, which for manifestly slothful reasons are not brought to judicial disposition until inevitable events have sharply altered the originally-pleaded situation, it is not difficult to perceive due and necessitous reasons for the equitable rules just mentioned.

The order dismissing defendants Smith and city of Highland Park is reversed. Costs to plaintiffs.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.