JERRY M. TENNEY, ROBERT REALE and CARL MADONICK,
Defendants Below,
Appellants,

vs.

THEODORE J. JACOBS, SAMUEL KREBS, PEARL C. KREBS, IRWIN
ZLOWE, FLORENCE M. ZLOWE, MANFRED FREUND, SAL PREZIOSO,
DAVID S. ROHN, SAM SCHLUSSEL, DOROTHY SCHLUSSEL, PETER
COPELAND and LAWRENCE J. ISRAEL, Intervening Plaintiffs
Below,
Appellees.

*Supreme Court, On Appeal, March 14, 1968.*

*Irving Morris* and *Alfred J. Lindh,* of Cohen, Morris & Rosenthal, and *David A. Drexler,* of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellants.

*Clarence W. Taylor,* of Hastings, Taylor & Willard, Wilmington, and *Lewis M. Dabney, Jr.,* of Liebman, Eulau, Robinson & Perlman, New York City, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, J.J., sitting.

WOLCOTT, Chief Justice: This is an appeal from an order of the Court of Chancery granting leave to intervening plaintiffs to file an amendment to the intervening complaint. The action is a derivative one brought on behalf of the Tenney Corporation. Named as defendants are various directors and officers of the Tenney Corporation, all nonresidents of Delaware, some of whom have appeared in the action in response to the coercive effect of a sequestration of their property under 10 *Del.C.* § 366.

Following the appearance of the individual defendants, the original complaint was amended twice with their consent. Thereafter, the original plaintiffs and the defendants entered into a stipulation of settlement which, after notice to stockholders and a hearing before the Vice Chancellor, was disapproved. *Steigman v. Beery, Sup.,* 203 *A.2d* 463.

At the hearing on the settlement, Jacobs and other stockholders appeared and objected to the settlement. Following the Vice Chancellor's disapproval of the settlement, these stockholders moved, on November 20, 1964, to intervene as plaintiffs. By order dated April 7, 1967 they were permitted to intervene and file the intervening complaint. The individual defendants answered.

In September, 1967, the intervening plaintiffs moved for leave to file an amended complaint. This was objected to by the individual defendants on the grounds that the proposed amendment stated new causes of action or increased the defendants' potential liability. The basic objection is that the defendants, in response to the sequestration,

had appeared in the cause to defend solely with respect to the causes of action pending at the time of the sequestration.

The Vice Chancellor allowed the proposed amendment on the ground that no new cause of action was being asserted, and that the purpose of the amendment was merely to bring the original causes of action up to date. The individual defendants appeal.

In *Townsend Corporation of America v. Davidson,* 40 *Del.Ch.* 295, 181 *A.2d* 219, a stockholders' derivative action in which individual defendants had been coerced into appearing by sequestration, the Chancellor permitted an amendment to the complaint over the objection of the defendants that the proposed amendment confronted them with new claims not asserted at the time they elected to appear in the cause and defend. To do so, it was argued, would amount to constructive fraud upon them. A similar argument is made at bar.

The Chancellor held that 10 *Del.C.,* § 366, the Sequestration Statute, under which a nonresident defendant is coerced into appearing in the Delaware Court of Chancery, will not permit a plaintiff to assert by way of amendment of the original complaint new causes of action not asserted in the original complaint, provided the nonresident defendants move promptly to oppose the amendment. He further held that a plaintiff may by amendment of the original complaint charging appearing nonresidents, make a more artful or elaborate statement of the subject matter of the original complaint or may bring the original cause down to date.

*Townsend* is, of course, a decision of the Court of Chancery and, as such, not binding upon us. We think, however, it is a well-considered decision upon the point and, for the reasons set forth by the Chancellor in his opinion, approve it and adopt it as the law of this State.

The fundamental proposition in matters of this sort is that a nonresident whose property has been seized by sequestration is entitled to assume, when he makes his election to appear and defend the suit, or to default and lose his seized property, that if he appears he will be called upon to litigate only those causes of action asserted against him in the original complaint. To subject him at some future time to addi-

tional new causes of action with a consequent increase in potential liability would be basically and patently unfair.

It is plain, therefore, that the question to be decided in this appeal is whether or not the proposed amendment to the complaint does or does not assert a new cause of action.

The proposed amendment is to paragraph 43 of the intervening complaint, and adopts and reaffirms paragraphs 42 through 48. These alleged that the nonresident defendants fraudulently caused the Tenney Corporation to pay them gross and unreasonable salaries and bonuses and to pay out "General and Administrative Expenses" improvidently, all of which constituted a reckless waste of the corporate assets in excess of $4,500,000.00. Paragraph 43 of the complaint detailed the amounts of the General and Administrative net losses for the years 1961, 1962, 1963 and part of 1964.

The proposed amendment to paragraph 43 would add a table purporting to show the net losses of that category for the years 1964, 1965 and 1966, and alleges that these losses are continuing at the same rate and are wasteful for the reasons alleged in paragraph 42 through paragraph 48 of the intervening complaint. It is further alleged that advances were made to the Tenney Corporation for these purposes for which the corporation has issued notes which should be cancelled. The effect of all this is to increase substantially the potential liability of the nonresident defendants.

It is to be noted that the intervening complaint in paragraph 42 through paragraph 48 asserted causes of action against the non-residents for the improvident waste of corporate assets through the payment of salaries, bonuses and other expenses. Paragraph 43, however, limited this claim to the date of filing, November 20, 1964, since no figures were available beyond that date. The nonresident defendants filed answers to the intervening complaint.

The proposed amendment to paragraph 43 does nothing more than bring that claim up to date. As such, we think it is not the assertion of a new cause of action against the nonresidents but is merely an updating of the old, of which the defendants had been put on notice and to which they have waived their right to object by answering.

The nonresident defendants argue that the old cause of action is limited to the cutoff date of November 20, 1964, and that, therefore, the waste of assets taking place after that date, of necessity, comprises a new cause of action. We think, however, to the contrary.

The waste of assets is alleged to be a continuing one. As such, it is but one cause of action. It may not be separated into different periods of time for the purpose of litigation. It must be regarded for what it is—a series of wrongful acts which collectively comprise but one tort.

This being so, the matter falls within the purview of the familiar principle of equity that when it takes jurisdiction of a cause and decides that relief shall be granted, the relief, including damages, if any, will be tailored to suit the situation as it exists on the date the relief is granted. *Scotton v. Wright*, 13 *Del.Ch.* 214, 117 *A.* 131, *aff.* 13 *Del.Ch.* 402, 121 *A.* 69, 31 *A.L.R.* 1162; 27 *Am.Jur.2d, Equity*, § 249; 30A *C.J.S. Equity* § 600; *L'Hommedieu v. Smith*, 351 *Mich.* 223, 88 *N.W.2d* 510; *Kilbourne v. Board of Supervisors of Sullivan County*, 137 *N.Y.* 170, 33 *N.E.* 159, and *Chrysler Motors Corp. v. Tom Livizos Real Estate, Inc., Sup.*, 210 *A.2d* 299.

Indeed, under this principle, it would seem probable that at trial, even in the absence of the amendment to paragraph 43, evidence of the continuance of the alleged wrongs would have been received in evidence and recovery allowed for it.

The judgment below is affirmed.