vidual property. There is no proof the arrangement between the partners was not made in entire honesty and good faith. They did not consider or think of the question of solvency or insolvency; did not make the arrangement in view of insolvency, or with the view to a subsequent transfer to the mother, or with any intent, so far as the proofs show, to hinder, delay, or defraud their creditors. Their nominal assets and accounts were, in the aggregate, largely in excess of their actual liabilities, and they seem not to have known what the extent of their actual liabilities were, even. Finding good faith in that arrangement, I must find actual title passed to Chidester, which he had a right to transfer subsequently to his mother, the same as though the property had always been his individual property. When the transfer to the mother was made, the son and mother may very well have both been aware of the insolvency of the firm, and of its individual members; but that would not invalidate the transfer. The son had a legal right to make a preference in favor of his mother. I am thus brought to the conclusion the bill of sale sought to be set aside is valid, and should not be set aside; and this leads to a dismissal of plaintiffs' complaint, with costs of the action. Formal findings and decision may be prepared by defendants' counsel, and submitted to plaintiffs' counsel for approval as to form, and then to me for signature."

Plaintiffs appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*S. S. Trobridge,* for appellants. *D. H. McFalls* and *H. Purcell,* for respondents.

PER CURIAM. Judgment affirmed, with costs, on opinion of WILLIAMS, J., delivered at special term.

---

## SPAULDING *v.* ARNOLD, County Treasurer.

*(Supreme Court, General Term, Fifth Department. June, 1889.)*

1. TOWNS—RAILROAD AID BONDS.
   Laws N. Y. 1869, c. 907, as amended by Laws 1871, c. 283, and c. 925, permitted towns to issue railroad aid bonds, and provided that the moneys collected by said towns, from taxes on such railroads as were aided, should be paid to the county treasurer, to be by him invested in certain bonds to be held as a sinking fund for the redemption of the town bonds. Taxes collected by the town of L. from a railroad company, to aid which it had issued bonds, were paid over to the county treasurer between the years 1878 and 1886, and by him mingled with the county moneys, and never invested, but paid over by him to his successor, the defendant. *Held,* that the latter was authorized to invest them for the benefit of the town of L., under the statute.

2. SAME.
   The fact that the former treasurer mingled the money with that of the county did not constitute a misappropriation by him, so that there is no fund from which the present treasurer can draw the money to make such investment.

3. TRUSTS—LIMITATION OF ACTIONS.
   The county treasurer acts as trustee for the town, and, there having been no repudiation of the trust by any of the present treasurer's predecessors, the statute of limitations does not apply, though more than six years have elapsed since some of the taxes collected were paid to the treasurer.

Appeal from Niagara county court.

An appeal by the county treasurer of Niagara county from an order made by the county judge of that county, in proceedings instituted before him under provisions of chapter 907 of the Laws of 1869, as amended by chapters 283 and 925 of the Laws of 1871, permitting town and other municipal corporations to issue bonds to aid in the construction of railroads, and applying the taxes assessed upon the railroads aided in their construction by the issue of such bonds to the redemption of such bonds. The city of Lockport, in pursuance of the terms of said act, issued its bonds in the amount of $100,000, to aid in the construction of the Lockport & Buffalo Railroad. The order di-

rected the county treasurer, out of the moneys in his hands, forthwith to set apart the sum of $1,257.87, and to purchase therewith bonds, etc., or to invest the same, etc., as required by the said acts. The county treasurer, in his answer to the petition, denied some of the material allegations contained therein, and a referee was appointed to take proofs, and report the same, with his opinion thereon. The term of the present county treasurer, the appellant, commenced on the 1st day of January, 1888. There was levied and collected and paid over to the predecessors of the incumbent, between and including the years 1878 and 1886, the sum of $1,251.87, as taxes levied upon the property of the said railroad, located in the city of Lockport, none of which were for school or road taxes. From the time the first payment of such taxes to the county treasurer, in the year 1878, up to the time of the hearing of this matter before the county judge, there has been constantly in the hands of the county treasurer moneys in amount in excess of the amount of taxes collected from the said railroad company, and when the appellant was inducted into the office there was paid over to him by his predecessor the sum of $10,180.97, and when these proceedings were instituted there remained unexpended of said sum over $9,000; and, as the referee reports, the same "is held for and subject to the payment of miscellaneous demands and expenditures of the said county not specially provided for by the board of supervisors." The referee also found and reported "that the said county treasurers, respectively, in each of said years, with the knowledge and approval of the board of supervisors of Niagara county, mingled the moneys so received for taxes from said company with other moneys of said county, and treated the same as ordinary county moneys."

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*John E. Pound,* for appellant.    *S. Cady Murray,* for respondent.

BARKER, P. J.   The controlling legal propositions involved in this case have already been examined and determined in several cases, some of them by the court of appeals, and are not open for discussion in this court.  Any tax-payer residing in any municipality which has, in compliance with the law, issued its bonds to aid in the construction of a railroad, may by a petition institute proceedings to compel the county treasurer to observe the duties imposed upon him by statute requiring him to use and invest the moneys paid to him, derived from taxes collected from certain railroads mentioned in the statutes upon which these proceedings are founded.  *Matter of Clark* v. *Sheldon,* 106 N. Y. 104, 12 N. E. Rep. 341.   The statutory provision on the subject is imperative, for it declares that "all taxes, except school and road taxes, collected," etc., "shall be paid over to the treasurer of the county in which said town, city, or village lies."   "It shall be the duty of said treasurer, with the money arising from taxes levied and collected as aforesaid, which have heretofore or shall hereafter be paid to him, to purchase bonds," etc.   "In case any county treasurer shall unreasonably refuse and neglect to comply with the provisions of this act, any tax-payer in any town, city, or village, theretofore having issued bonds in the construction of any railroad or railroads, is hereby authorized to apply to the county judge on petition for an order compelling said treasurer to execute the provisions of this act."   The money thus levied and collected and paid over to the county treasurer never came into his hands for any other purpose than that mentioned in the statute, and they are devoted by law to the benefit of the municipality, and must be held and invested in the mode and manner directed.   The statute appropriates the taxes, and makes it the duty of the county treasurer to separate and set them apart as a sinking fund.   *Matter of Clark* v. *Sheldon, supra.*

When the money was paid into the hands of the respective county treasurers during the period of years mentioned, it was their duty to separate the taxes paid by the railroad, assessed on lands in the city of Lockport, for the

v.6N.Y.s.no.2—22

other moneys which came into his hands, which he could have readily done, and invested the same as required by the said statute. These moneys have never been paid out, and are now in the hands of the present treasurer, mingled with other moneys. His predecessor transferred them to him, he at the same time being informed as to the source from which a portion of the money was derived, and he was authorized to apply so much of the same as was necessary to comply with the provisions of the statute. It does not appear from the papers that the county of Niagara claims the funds, and if it did the claim would be wholly unfounded, as it has no title whatever to the money, nor is it subject to its order. The fact that the respective county treasurers who received the fund from the collector of taxes have mingled the same with other moneys belonging to the county, and treated the same as if belonging to the county, does not amount to an appropriation of the money for the use of the county, so that it can be said that the money was misappropriated by the appellant's predecessors to the use of the county, and that there is now no fund in existence from which he can draw in compliance with the order appealed from. The fund has been preserved, and may now be invested by the present county treasurer, who may be treated as trustee, holding the money for the uses and purposes to which it was devoted by law. The statute of limitations is no bar, although more than six years have elapsed since some of the annual collections of taxes have been paid to the treasurer, prior to the commencement of these proceedings. The trust has continued uninterrupted from the time the taxes were first paid into the hands of the treasurer, without any repudiation of the trust by either of the appellant's predecessors in office. The incumbent received the fund impressed with the trust, and he was charged with the same duty which the law had imposed on the person from whose hands he received the fund. The case of *Wood* v. *Supervisors*, 50 Hun, 1, 2 N. Y. Supp. 369, does not in any respect sustain the appellant's point. In that case the county had received the trust fund from the hands of a county treasurer, and misappropriated it to his own use, and it was held that the county might be liable to interested parties in the capacity of trustees, yet the statute of limitations may be pleaded in bar of a recovery, as it had become a trustee by implication or construction of law. In that case it is pointed out when a trustee may and may not plead the statute in bar of a recovery. He cannot rely upon the statute as a defense where there is an actual, continuing, and subsisting trust, and such is the case at bar. *Wood* v. *Supervisors, supra.* The order should be affirmed. All concur.