In the Matter of the Petition of LEWIS H. CLARK, a tax-payer of the Town of Sodus, Appellant and Respondent, *v.* ANDREW F. SHELDON, as County Treasurer, etc., Appellant and Respondent.

Under the provision of the Railroad Act of 1869 (§ 4, chap. 907, Laws of 1869, as amended by chap. 283, Laws of 1871), directing the application of taxes assessed upon any railroad in a town, toward the redemption of bonds issued by it in the construction of such railroad and making it the duty of the county treasurer to purchase with such taxes the bonds of the town or to otherwise invest the same and hold the investment as a sinking fund for the redemption of said bonds, a county treasurer in his relation to these taxes is not the agent of the county or the town but holds them as a trust fund, for the purpose expressed in the act, and any action that diverts it from that purpose is illegal.

Any taxpayer of the town may apply to the county judge for an order
compelling the county treasurer to execute the law in case of his refusal
so to do, and this order it is the duty of the county judge to grant.

It is no defense to the proceedings, that the county treasurer has paid
over the fund to an officer of the town, or that the town has had the
benefit of it for other town purposes.

Where the county treasurer claimed that he had paid over the fund to the
town officers and it appeared that the transactions upon which the
claim was based occurred during the pendency of such proceeding
against him, *held*, that his refusal to obey the statute was not only
without legal excuse but was to be regarded as willful; and that he was
chargeable with the fund and also with interest upon it, as the town
had been deprived of interest which it would have earned had the law
been obeyed.

The first order of the county judge dismissed the proceedings; before it
was made the county treasurer had settled with the town collector
receiving from him receipts of county officers for the fund in lieu of
the money; said order was subsequently reversed. It was claimed by
the treasurer that this order operated as a prohibition against the
investment of the fund as directed by the statute. *Held*, untenable.

(Argued June 2, 1892; decided October 1, 1892.)

APPEAL from order of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made June 19, 1890, which modified, and affirmed as modified,
an order of the county judge of Wayne county granting the
prayer of the petitioner.

This was a special proceeding instituted by a taxpayer of
the town of Sodus, Wayne county, to compel the county
treasurer of said county to execute the provisions of section 4
of chapter 907, Laws of 1869, as amended by chapter 283,
Laws of 1871, by investing the amount of taxes (other than
school and road taxes) received by him for the year 1881 col-
lected on the assessed valuation of two railroads in said town,
to aid in the construction of which the town had issued bonds.

The petition stated the amount of taxes received by the
county treasurer applicable to the purposes contemplated by
the acts of the legislature to be $427$\frac{69}{100}$, and prayed for an
order that such sum be set apart by the treasurer as a sinking

fund to pay the bonds of the town issued in aid of the construction of said railroads.

Upon the hearing before the county judge an order was made adjudging the amount of taxes other than school and road taxes received by the county treasurer from said two railroads to be $2,426\frac{85}{100}$, and directing him to apply that sum, with interest from February 13, 1882, to the purchase of the bonds of the town, or in case said bonds could not be purchased to otherwise invest said sum as required by the statute to constitute a sinking fund for the payment of said bonds, and awarded the petitioner $152\frac{35}{100}$ costs of the proceeding before the county judge.

Upon appeal to the General Term that court modified the order of the county judge by striking out the provision aforesaid as to interest and costs, and reduced the amount directed to be applied to the purchase of bonds to the sum of $427\frac{74}{100}$, and as so modified affirmed the order. From the order of the General Term both parties appealed to this court.

Further material facts appear in the opinion.

*J. Welling* for appellant.

*Camp & Dunwell* for respondent.

BROWN, J. Upon the first hearing of this proceeding before the county judge it was dismissed upon the ground that the statutes pursuant to which it was instituted were unconstitutional. The General Term refused to pass upon that question, but affirmed the order of the county judge on the ground (1) that the duty of ascertaining the amount of taxes paid by the railroad companies over and above school and road taxes, and the portion thereof applicable to the purposes designated by the statute, did not devolve upon the county treasurer, and until that duty was performed by some one clothed with authority to decide those matters the proceedings were premature; (2) that the sinking fund provision in the law under which the proceedings were taken applied only to bonds issued

under that act, and, therefore, had no application to the Lake Ontario Southern road which was organized under another act.

Upon appeal to this court none of these rulings were sustained, and it was decided (106 N. Y. 104) (1) that the act was not in violation of any provision of the Constitution; (2) that it was applicable to any municipality having bonds outstanding issued under any statute in aid of the construction of any railroad within its bounds; (3) that the scheme of the act was practicable, and if the amount of taxes paid by the railroad company applicable to a sinking fund had not been ascertained and separated from the road and school taxes before payment to the county treasurer, it was his duty to make the separation and invest the proper amount as directed by the statute; (4) that the county judge had power to ascertain the amount of all the taxes which were to be devoted to a sinking fund, and to compel the county treasurer to invest such sum notwithstanding the petitioner's prayer for an insufficient amount.

The case, therefore, was remitted to the county judge for a rehearing, and thereupon he decided what is not now disputed that the amount of taxes exclusive of road and school taxes paid by the two railroad companies in the year 1881 to the county treasurer upon the assessed valuation of the property in the town of Sodus was two thousand four hundred and twenty-six $\frac{85}{100}$ dollars, and he directed such sum, with interest from February 10, 1882 (the date of the receipt by the treasurer of the last tax paid), to be invested as directed by the statute.

This sum represented the amount raised in said town to pay the state, county and town taxes. The General Term modified the order of the county judge by striking out the allowance of interest, and by reducing the amount directed to be invested to four hundred and twenty-seven $\frac{94}{100}$ dollars, the difference between the two sums representing the amount of the town tax which it was claimed was paid by the county treasurer to the officers of the town entitled to receive and apply the same to the purposes designated in the collector's warrant.

Opinion of the Court, per BROWN, J.

The decision of the General Term rests upon the assumption that this proceeding is analogous to an action between the town of Sodus and the county of Wayne and the conclusion therefrom that the county could not be held liable beyond the amount of money which it has actually received and appropriated. And as the money raised to pay charges of the town had been turned over to the town officers and applied by them to the benefit of the town, it had received that which had gone into the sinking fund and was estopped from claiming repayment of the town tax. If this proceeding can be decided upon principles applicable to an action between the town and county, the decision of the General Term could probably be upheld, but that view I think proceeds from a misconception of the purposes and provisions of the statute, and the assumed analogy cannot be sustained.

The statute provides that all taxes except school and road tax·· collected in any town on the assessed valuation of any railroad for which said town has issued or shall issue bonds, shall be paid over to the treasurer of the county in which said town lies. And it is made the duty of the treasurer with such taxes to purchase the bonds of said town, or to otherwise invest the same and hold the investment as a sinking fund for the ultimate redemption and payment of said bonds. In case any county treasurer shall unreasonably refuse or neglect to comply with the provisions of the act, any taxpayer of the town is authorized to apply by petition to the county judge for an order compelling said treasurer to execute the law and it is made the duty of the county judge in a proper case to grant such an order. It is plain that neither the town or the county within which it lies, nor any officer or citizen thereof, have any power or authority over the disposition of the taxes mentioned in the act that come into the treasurer's hands. The county treasurer in his relation to these taxes is not the agent of the county or the town. The supervisors have no jurisdiction over the fund, and cannot legislate concerning it nor direct or control the action of the county treasurer with reference to it. Neither can the town through

its officers or its town meeting change the direction of the fund, or cause it to be applied to any purpose except that named in the law and any taxpayer has a right as against the town and all other taxpayers therein to have the fund applied to the purposes stated and to institute proceedings to that end. If at the commencement of such proceedings such taxes are in the hands of the county treasurer no power exists to relieve him from the performance of the duty devolved upon him except in the legislature of the state, and consequently it cannot be a defense for him to say that he has paid the taxes over to any officer of the town or that the town has had the benefit of it in its application to town purposes.

In the treasurer's hands it is a trust fund upon which the law has impressed a distinct purpose, and any action that diverts it from that purpose is illegal.

There is no authority in the state that holds otherwise. The cases that have been referred to in the opinion of the General Term, and the brief of the respondent were actions by towns against the counties to compel the application to the sinking fund of state and county taxes which the county had misappropriated by directing the county treasurer to apply to purposes other than the sinking fund.

They proceeded upon the doctrine of money had and received by the county which the law had appropriated to the payment of a corporate obligation of the town, and, of course, in such an action, the town taxes were not involved as they never came into the possession or under the control of the county and, consequently, no question of estoppel or waiver was presented. But all the cases recognize the trust character of the fund in the hands of the county treasurer and his duty in reference thereto.

In this case on the former appeal it was said by Judge EARL (p. 110): "The authorities of towns, villages, cities and counties have no right to divert or appropriate these taxes for other purposes. They never come into the hands of the county treasurer for any other purpose than that mentioned in the section, and they are devoted by law to the benefit of the

municipalities in which they are collected, and must be held and invested in the mode directed for its benefit." Again (p. 113): "He" (the county treasurer) "has no right to use the money produced by these taxes to discharge any of their obligations. The law has appropriated it for a specific purpose, and it is his duty to apply it to that purpose." (See also *Strough* v. *Supervisors*, 119 N. Y. 212; *Crowninshield* v. *Supervisors*, 124 id. 583.) It follows that it would not be a defense to a proceeding of this character that the taxes had been paid over to the town officer to be applied to other purposes, unless it could be shown that the petitioner had in some way waived the right that the statute confers upon taxpayers of the town, to apply to the county judge for the enforcement of the law. There was no such claim in this case. Demand was made upon the respondent on January 19, 1882, that he comply with the law. On January twentieth he refused on the ground that all the taxes were appropriated to other purposes. On February tenth this proceeding was commenced. He then had in his possession the tax paid by the Rome, Watertown and Ogdensburg road, and three days after he received the tax paid by the Lake Ontario Southern road. He held these taxes until March twenty-eighth, when he settled with the town collector and then accepted in lieu of cash the receipts of the town officers for the money paid to them by the town collector. In that way he claims to have paid over the town taxes to the town officers. In substance that was the effect of his settlement with the collector; but he had no right to thus divert any part of the taxes paid by the railroad, and his action in that respect was not only illegal and in disregard of the law, but it was in defiance of the legal proceedings then pending against him. It needs no argument or citation of authority to show that no act upon the part of a trustee, subsequent to the commencement of proceedings against him to enforce the trust, can defeat the right to a judgment in such proceedings. The operation and effect of judgments and orders of the court and judicial officers cannot be nullified in that way. In contemplation of law the fund is still in the respondent's possession

and under his control, and the rights of petitioners to be determined by the facts as they existed at the filing of the petition.

Our attention is called to the language of the statute, viz., that proceedings can be instituted against the county treasurer only when he "unreasonably" refuses to comply with the law, and it is argued that the respondent's refusal in this case was not unreasonable, inasmuch as he believed it was not his duty to separate the school and road from the other taxes, or to determine how much was necessary to go into the sinking fund. We consider that this question was disposed of on the former appeal, and no exception presents it now.

But the respondent did not place his refusal on the grounds stated. He declined to execute the law for the reason that the taxes "were appropriated for specific purposes," of which the sinking fund was not one. It is also claimed that the first order of the county judge operated as a prohibition against the investment of the tax as directed by the statute, and a justification of the respondent's action. Inasmuch as the settlement with the town collector was on March twenty-eighth, and the order dismissing the proceedings was not made until May tenth, the force of this argument is not apparent.

We think that the respondent's action in refusing to execute the law was without legal excuse, and must be regarded as willful, and that he is chargeable with interest on the fund.

The town has been deprived of interest which the fund would otherwise have earned, and it must be paid as damages for a wrongful act.

So much of the order of the General Term as was appealed from by the petitioner should be reversed and the order of the county judge, as modified by the General Term, affirmed, with costs to the petitioner in this court and at General Term.

All concur

Order affirmed.