HENRY J. PEIRSON, as Supervisor of the Town of Arcadia, Appellant, *v.* THE BOARD OF SUPERVISORS OF WAYNE COUNTY and ANDREW F. SHELDON, Respondents.

*Taxation — town railroad aid bonds — failure of county treasurer to pay them — action by the town — Statute of Limitations — defenses.*

Where a county treasurer fails to apply taxes assessed upon the property of a railroad corporation in a town to the payment or redemption of bonds issued by the town in aid of the construction of such railroad, as required by the provisions of chapter 907 of the Laws of 1869, and the acts amendatory thereof, but mingles them with other taxes and applies all to the ordinary purposes of town taxation, an action, as for money had and received, may be maintained by the town against the county to recover the amount of such taxes.

The cause of action arises when the misappropriation is made; the Statute of Limitations begins to run against the claim at that time, and at the end of six years the cause of action is barred

The defense of the statute is made out by proof of the misappropriation, and where there is no evidence upon the subject the court will not assume that there were funds in the county treasury sufficient to create the sinking fund required by the statute.

Such an action is governed by the ordinary rules as to defenses limiting the plaintiff's right of recovery, and the town is not entitled to recover the amount already paid to the town, out of the railroad taxes, for town purposes.

The plaintiff cannot recover in such an action for excessive assessment and taxation resulting as alleged from the failure of the board of supervisors to deduct the valuation of the railroad from the aggregate valuation of the county and from the total valuation of the town.

*Semble,* that it must pursue the statutory remedy for an over assessment.

APPEAL by the plaintiff, Henry J. Peirson, as supervisor of the town of Arcadia, from a final judgment of the Supreme Court, entered in the office of the clerk of the county of Wayne on the 28th day of September, 1894, upon the report of a referee, and also from an interlocutory judgment entered in said clerk's office on the 12th day of December, 1891.

This action was brought by the plaintiff, as supervisor of the town of Arcadia in said county, against the board of supervisors and the county treasurer of said county to recover certain tax moneys which were levied upon and paid by the Sodus Bay and Southern Division of the Northern Central Railway Company from the years 1872 to 1886 inclusive, and to which said town of Arcadia

claims to be entitled under the provisions of chapter 907, Laws of 1869, and the acts amendatory thereof, and commonly known as the " Funding Law," by section 4 of which, as amended by chapter 283 of the Laws of 1871, it is provided that :

" All taxes, except school and road taxes, collected for the next thirty years, or so much thereof as may be necessary, in any town, village or city, on the assessed valuation of any railroad in said town, village or city, for which said town, village or city has issued or shall issue bonds to aid in the construction of said railroad, shall be paid over to the treasurer of the county in which said town, city or village lies. It shall be the duty of said treasurer, with the money arising from taxes levied and collected as aforesaid, which has heretofore been or shall hereafter be paid to him (including the interest thereon) to purchase the bonds of said town, issued by said town, to aid in the construction of any railroad or railroads, when the same can be purchased at or below par ; the bonds so purchased to be immediately canceled by said treasurer and the county judge, and deposited with the board of supervisors. In case said bonds so issued cannot be purchased at or below the par value thereof, then it shall be the duty of said treasurer, and he is hereby directed to invest said money so paid to him as above mentioned, with the accumulated interest thereon, in the bonds of this State or of any city, county, town or village thereof, issued pursuant to the laws of this State, or in bonds of the United States. The bonds so purchased, with the accumulated interest thereon, shall be held by said county treasurer as a sinking fund for the redemption and payment of the bonds issued or to be issued by said town, village or city in aid of the construction of said railroad or railroads."

The total amount of taxes levied upon and collected from said railroad company in said town, during the years aforesaid, was $9,213.28, as more fully appears from the schedule set forth in the complaint. It is also claimed that by reason of the failure of said board of supervisors to deduct the valuation of said railroad from the aggregate valuation of the county, and to deduct the assessed valuation of said railroad from the total valuation of said town, a larger sum was levied and assessed upon said town in each of said years than should have been assessed and levied, by the sum of $3,783.12, as more fully appears in the schedule contained in the

complaint. Judgment is asked for said sums of $9,213.28 and $3,783.12 respectively, and also that said first-mentioned sum and interest thereon be levied and collected from the taxable property of said county and paid into the treasury thereof, and that the said county treasurer thereof be directed to apply the same to the purchase and payment of the bonds of said town issued by it in aid of said railroad in accordance with the provisions of the statutes above referred to.

The court found, as facts, that the taxes levied and collected of said railroad company in said town from 1872 to 1886, inclusive, amounted to $9,213.28, and that said railroad company had paid during said period $3,783.12 more in State and county taxes than it should have paid. That the amounts for each year were received by said board of supervisors on the fifteenth day of February next succeeding the year in which they were paid. That in each of said years said board of supervisors levied, assessed and collected taxes upon all taxable property of said town, including said railroad, and in each of said years ordered and directed certain sums to be paid therefrom to the supervisors, commissioner of highways and overseer of the poor of said town, which sums were so paid to them. That the taxes assessed on and collected from said railroad were not separate or set apart from said other taxes collected in said town, but were mingled therewith, a share or proportion thereof being paid to said supervisor, commissioner of highways and overseer of the poor of said town by order of said supervisors in each of said years. That the moneys collected and received as taxes from said railroad were paid out by said county treasurer by order and direction of said board of supervisors for other purposes than those named in section 4 of chapter 907 of the Laws of 1869, as amended, and that none of said moneys have been used or invested as in said acts required.

This action was commenced on the 11th day of January, 1887. The court found, as conclusion of law, that the cause of action alleged in the complaint for and in regard to the taxes which were levied and assessed in and for the years 1871 to 1880, inclusive, and which were paid to said county treasurer more than six years before the commencement of the action, was barred by the Statute of Limitations, and that the plaintiff was entitled to judgment for the amount

of the taxes levied, assessed on and collected from said railroad in the years 1881 to 1886, inclusive. That the taxes so levied, assessed and collected during said years amounted to $1,825.26, which sum plaintiff was entitled to recover, after deducting therefrom the share or portion thereof which has been paid to the supervisor, commissioner of highways and overseer of the poor of said town. The court ordered a reference to ascertain said amount, according to the rule laid down in its opinion, and said referee reported the sum of $1,533.48 as the amount which the county treasurer of Wayne county shall invest and use for the purposes ordered and directed in the interlocutory judgment herein, and which should be furnished and raised by the board of supervisors as directed. Final judgment was granted on the 27th day of August, 1894, confirming the interlocutory judgment and the referee's report thereon, and overruling the plaintiff's exceptions thereto. The final judgment directed said county treasurer to apply and invest said sum of $1,533.48 and interest in the manner prescribed by chapter 283 of the Laws of 1871, and in case there were not sufficient moneys in the county treasury of Wayne county the defendant board of supervisors was directed to levy, assess and collect the moneys necessary to carry the judgment of the court into effect.

*Stephen K. Williams,* for the appellant.

*J. W. Dunwell,* for the respondents.

WERNER, J. :

The first question which requires consideration is whether the six years' Statute of Limitations applies to this case. Appellant's counsel insists that the defendants are trustees of an express trust created by chapter 907, Laws of 1869, and the laws amendatory thereof, and that the six years' Statute of Limitations does not apply. It is contended that this is not an action for moneys had and received, but to enforce by equitable decree the performance of a continuing duty to apply the moneys received from taxes upon said railroad for the benefit of said town, according to the provisions of said statutes.

In view of the decisions upon this question there is no doubt as to

the character of the action.    It is now definitely settled that the six years' Statute of Limitations does apply.

While the duty of the defendants is in the nature of a public trust the law provides two remedies in case of a breach thereof. The first is by a proceeding under the statute to compel the application of moneys in accordance with the terms thereof, and this proceeding may be instituted by any taxpayer of the town whose interests are affected.    The second is by action which, although brought in equity, is in effect an action for moneys had and received. Where the former remedy is invoked the Statute of Limitations may have no application.    This question we do not decide.    Where the right is sought to be enforced by action the remedy must be pursued within the period fixed by the Statute of Limitations.

In such a case as this the cause of action arises when the misappropriation is made ; the statute then begins to run against it, and an action brought more than six years thereafter is barred.    (*Strough* v. *Board of Supervisors*, 119 N. Y. 212.)

The case of *Spaulding* v. *Arnold* (125 N. Y. 194), cited to sustain the contention that the trust duty imposed upon the defendants is a continuing one, from the performance of which they cannot be relieved by pleading the Statute of Limitations, is not in conflict with the rule laid down in *Strough* v. *Board of Supervisors* (*supra*).

The *Spaulding* case was a proceeding under the statute, but it was also clearly distinguishable from the present case upon another ground, as appears from the language of the court at page 199.

Referring to the *Strough* case the court says : " From that moment of misappropriation a cause of action arose in favor of the town, and the Statute of Limitations commenced to run.    Here there has been no misappropriation.    The fund still remains in the hands of the county treasurer, and his duty to invest it as the statute requires is still as imperative as it was the first moment the funds came into his hands."

The case of *Kilbourne* v. *The Board of Supervisors of Sullivan County* (137 N. Y. 170) was an action like this.    It was held that the six years' Statute of Limitations applies.    The Court of Appeals in arriving at this conclusion has evidently taken the ground that

while the action is in equity, and the decree may provide for the specific performance of the duties imposed by the statute which are necessary to make the judgment of the court effectual, the gist of the action is that the defendants have received to and for the use of the town, on whose behalf the action is brought, moneys which have been wrongfully appropriated to other uses.

If the moneys received by the county treasurer from the town of Arcadia for taxes collected from the Sodus Bay and Southern Division of the Northern Central Railway Company between 1872 and 1886 had remained in the county treasury, or there had been at all times since 1872 a general fund not appropriated to other specific purposes, which was sufficient to create the sinking fund provided for by this statute, this case would be analogous to *Spaulding* v. *Arnold* (*supra*), in which the continuous possession of the fund, and the continuing character of the duty imposed upon the county treasurer, was held to prevent the application of the Statute of Limitations ; or, if the Statute of Limitations having been properly pleaded there had been no proof showing the appropriation of the fund to other purposes than those directed by the statute, the case would come within the rule laid down in *Kilbourne* v. *Supervisors* (*supra*). But neither of these features are presented here. The evidence shows that all of the railroad taxes received by the county treasurer went into one general account with other tax moneys, and were paid out from time to time in payment of debts of the county, and that no portion of the same were applied to the purposes provided for in the statute under consideration.

A careful perusal of this evidence convinces us that while it is not so explicit and detailed as to show precisely when and for what purposes said moneys were paid out, it is, nevertheless, sufficient to warrant and sustain the conclusion that they were misappropriated from year to year as they were received by the county treasurer.

The fact of misappropriation having been established, the application of the Statute of Limitations necessarily follows, unless it was the duty of the defendants to show affirmatively that there were not sufficient funds in the county treasury to create the sinking fund required by the statute.

While the defense of the Statute of Limitations is an affirmative one, we think it is made out when the misappropriation of the funds

designed for that purpose is shown. There is no evidence to show that there were other funds in the hands of the county treasurer during the years referred to which might have been applied to this purpose; and we are not at liberty to assume that there were such funds. The evidence was, therefore, sufficient to warrant and sustain the fifteenth finding of fact, to which an exception was taken, but not upon the ground that it is contrary to or not warranted by the evidence.

This finding of fact justifies the fifth and sixth conclusions of law, to the effect that plaintiff's claim is barred, except as to taxes paid within six years prior to the commencement of the action.

The next question raised by plaintiff's exceptions is whether the trial court erred in deducting from the railroad taxes, collected in said town in each of the six years for which a recovery was had, the part thereof paid to the town for town purposes.

If this were a proceeding under the statute, *Clark* v. *Sheldon* (134 N. Y. 337) would be decisive of the question; but since this is an action in effect for moneys had and received, we do not perceive why it is not governed by the principles applicable to actions of this character. Such an action is subject to counterclaim, set-off, recoupment and such other defenses as will tend to limit plaintiff's recovery to the actual amount to which he is entitled. It would be absurd and unjust to hold that in an action governed by these principles a plaintiff could again recover what he has once had.

In *Clark* v. *Sheldon* (134 N. Y. 337) the Court of Appeals in discussing this question, says: "If this proceeding can be decided upon principles applicable to an action between the town and county, the decision of the General Term could probably be upheld, but that view I think proceeds from a misconception of the purposes and provisions of the statute, and the assumed analogy cannot be sustained. * * * The cases that have been referred to in the opinion of the General Term and the brief of the respondent, were actions by towns against the counties to compel the application to the sinking fund of State and county taxes which the county had misappropriated by directing the county treasurer to apply to purposes other than the sinking fund. They proceeded upon the doctrine of money had and received by the county which the law had appropriated to the payment of a corporate obligation of the town,

and of course in such an action the town taxes were not involved as they never came into the possession or under the control of the county, and consequently no question of estoppel or waiver was presented."

We think the trial court decided correctly in deducting that portion of the railroad taxes which has been received by the town.

The court did not err in holding that plaintiff was not entitled to recover for over assessment or over payment of taxes from 1872 to 1885 inclusive by reason of the failure of the board of supervisors to set aside or deduct the valuation of the said railroad from the aggregate valuation of the county, and to deduct the assessed valuation of the said railroad from the total valuation of said town. A clear remedy is provided for over assessment by the statutes which need not here be referred to.

The judgment of the court below should be affirmed, with costs.

LEWIS, BRADLEY and WARD, JJ., concurred.

Judgment affirmed, with costs.