HENRY J. PEIRSON, as Supervisor of the Town of Arcadia, Appellant, *v.* THE BOARD OF SUPERVISORS OF WAYNE COUNTY and ANDREW F. SHELDON, Respondents.

1. TOWNS — ACTION BY TOWN AGAINST COUNTY TO RECOVER MISAPPLIED RAILROAD TAXES APPLICABLE TO TOWN BONDS. An action by a town against the county, brought for the primary and chief purpose of recovering the amount of taxes collected in the town from a railroad company for which the town was bonded, where the county treasurer, instead of applying the money to the payment or redemption of the town bonds as required by the statute (Railroad Act, amd. L. 1871, ch. 283) or retaining it in the treasury, had misappropriated it by paying debts of the county under the direction of the board of supervisors, is an action for money had and received, as distinguished from a special proceeding under the statute.

2. PRAYER FOR STATUTORY APPLICATION OF MONEY. The character of such action is not changed by the fact that the complaint demands as additional relief that, after the collection of the amount sought to be recovered, it shall be applied in the manner provided by the statute.

3. COUNTY TREASURER PARTY DEFENDANT. Nor is the situation altered by the fact that the county treasurer is made a party defendant, for the supplementary purpose of having him dispose of the amount in suit as required by the statute, after it has been recovered by judgment and paid into his hands.

4. LIMITATION OF ACTION. In such an action for money had and received, the cause of action arises at the time of the misappropriation of the money sought to be recovered, and the six years' Statute of Limitations then commences to run against it.

5. PORTION OF TAXES RECEIVED BY TOWN. In an action for money had and received, brought by a town against the county to recover the amount of misappropriated railroad taxes, the town is not entitled to recover that portion of the taxes which had been retained by, or paid over to, the town for its own use and benefit.

6. STATUTORY SPECIAL PROCEEDING — ACTION FOR MONEY HAD AND RECEIVED. The distinction between a special proceeding under the Railroad Act (amd. L. 1871, ch. 283) to compel the proper application of railroad taxes to town bonds, and an action by a town against the county for money had and received, as affected by the Statute of Limitations and as affecting the portion of the taxes received by the town for its own purposes, stated and discussed.

7. OVERVALUATION OF TOWN PROPERTY. In an action for money had and received, brought by a town against a county for the primary purpose of recovering the amount of misappropriated railroad taxes applicable to town bonds, the plaintiff also sought to recover for an over-assessment of

the town, based upon the fact that the supervisors did not deduct the valuation of the railroad property from the total valuation of the property of the town. *Held*, that the plaintiff was not entitled to recover for the overvaluation of the property of the town.

*Peirson* v. *Suprs. of Wayne Co.*, 87 Hun, 605, affirmed.

(Argued January 11, 1898; decided March 1, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered September 21, 1895, affirming a judgment entered upon a decision of the court on trial at Special Term.

This action was commenced in January, 1887, to recover the sum of $9,213.38, the amount of taxes levied and collected from the Sodus Point and Southern Railroad Company, in the town of Arcadia, from 1872 to 1886, inclusive, and paid to the county treasurer of Wayne county, and also to require him to comply with the provisions of the Railroad Act, as amended by chapter 283 of the Laws of 1871, by employing the amount thus recovered in purchasing that amount of the bonds issued by the town to aid in the construction of such road, or in purchasing other bonds to be held as a sinking fund for their redemption and payment. The plaintiff also sought to recover for an over-assessment of the town, based upon the fact that the supervisors of the county did not deduct the valuation of the railroad property from the total valuation of the property of the town.

The trial court held that the plaintiff was entitled to recover the amount of taxes levied and collected from the railroad company for the period of six years next preceding the commencement of the action, with interest, after deducting the portion thereof which was paid to the town, and further held that the sum so recovered should be applied to the purchase of the bonds of the town, if they could be purchased at or below par, but if not, that it should be employed in the purchase of other securities, to be held as provided by the statute. The court, however, denied any relief for the overvaluation of the property of the town. Judgment was entered in accordance with that decision.

*Stephen K. Williams* for appellant. No part of the cause of action alleged in the complaint is barred by the six years' Statute of Limitations as to the county treasurer. (*Spauld-ing* v. *Arnold*, 125 N. Y. 194; *Ackerson* v. *Bd. Suprs.*, 72 Hun, 619; *Wood* v. *Suprs. of M. Co.*, 50 Hun, 2; 136 N. Y. 406; *Strough* v. *Bd. Suprs.*, 119 N. Y. 216; *Clark* v. *Shel-don*, 134 N. Y. 333; *Davis* v. *Davis*, 86 Hun, 402; *Kilbourne* v. *Bd. Suprs.*, 137 N. Y. 178.) The board of supervisors having mingled the moneys in question with other moneys in the treasury, owed the plaintiff the duty to furnish and keep on hand sufficient moneys to enable the county treasurer to invest the amount of the railroad taxes as a sinking fund. This was a continuous duty until that official discharged his duty by making the investment. (1 R. S. 384, § 6; 2 R. S. 475, § 103.) The amount of the railroad taxes for which the plaintiff is entitled to relief in this action cannot be dimin-ished by any payment which the county treasurer has made to the town officers for other purposes. (*Ackerson* v. *Suprs. of Niagara*, 72 Hun, 616; *Clark* v. *Sheldon*, 134 N. Y. 333; 106 N. Y. 113; *Hand* v. *Bd. Suprs.*, 31 Hun, 534; *Crown-inshield* v. *Bd. Suprs.*, 124 N. Y. 586; *People ex rel.* v. *Bd. Suprs.*, 136 N. Y. 285; *Godfrey* v. *Co. of Queens*, 89 Hun, 18; *Miller* v. *Bush*, 87 Hun, 507; *Kilbourne* v. *Bd. Suprs.*, 62 Hun, 219; *Spaulding* v. *Arnold*, 125 N. Y. 197.)

*Jefferson W. Hoag* for respondents. The Statute of Limi-tations is a bar to this action. (*Strough* v. *Bd. of Suprs.*, 119 N. Y. 212.) The nature and form of this action are that of one for money had and received. (*Strough* v. *Bd. of Suprs.*, 119 N. Y. 212; *Bridges* v. *Suprs. of Sullivan Co.*, 92 N. Y. 570.) The action being for money had and received, the town is estopped from claiming repayment of the town taxes. (*Clark* v. *Sheldon*, 134 N. Y. 337.) The General Term being unanimous in its decision as to the facts in this case, this court will not discuss them. (*Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; L. 1886, ch. 559.)

Martin, J.    There are but two questions that require consideration on this appeal: 1. Whether the court properly held that the six years' Statute of Limitations was applicable in this case; and, 2. Whether it properly deducted from the railroad taxes collected each year the portion thereof which was paid over to the town.

In examining the first question, it is to be observed that there were two distinct and independent remedies for the enforcement of the rights which are conferred by the Railroad Act. One was by the special statutory proceeding provided for by that act. The other was by an action for money had and received to recover the taxes misappropriated by the county.

Where the special proceeding is the remedy employed by which a taxpayer seeks to compel the treasurer to perform the duty with which he is charged, and there is no proof that any part of the money received by the county from such taxes has been used, but the fund remains in the county treasury, the duty of the treasurer is a continuing one, and the Statute of Limitations does not apply. (*Spaulding* v. *Arnold*, 125 N. Y. 194.)

But where the county treasurer, instead of applying the money thus received to the payment or redemption of the bonds of the town, under the direction of the board of supervisors, devotes it to the payment of other claims, an action for money had and received is maintainable in behalf of the town against the county to recover the money so misappropriated. In such a case the cause of action arises when the misappropriation is made. The Statute of Limitations then begins to run, and an action brought more than six years thereafter is barred. (*Strough* v. *Supervisors*, 119 N. Y. 212; *Crowninshield* v. *Supervisors*, 124 N. Y. 583, 588; *People ex rel.* v. *Supervisors*, 136 N. Y. 281, 286; *Woods* v. *Supervisors*, Id. 403, 409; *Kilbourne* v. *Supervisors*, 137 N. Y. 170, 177.)

The complaint shows that the primary and chief purpose of this action by the town was to recover of the county the

moneys which had been collected from the railroad company
in the town, paid to the county treasurer, and appropriated to
other purposes than those specified in the statute.    The basis
of this action was the misappropriation of that fund, and was
to recover the money thus misapplied.    The fact that the com-
plaint demanded as additional relief that, after the collection
of the amount, it should be applied in the manner provided
by the statute, does not change the character of the action.
Nor does the fact that the treasurer was made a party in any
way alter the situation.    He was not a necessary party, so far
as the action was for the recovery of the money received and
appropriated to county purposes, which was its main object.
He was made a party only for a subsidiary or supplementary
purpose.    The relief demanded against him was that, after
the amount had been recovered by judgment and paid into his
hands, he should dispose of it as the statute required.    Obvi-
ously, this was an action for money had and received by the
county to which the town was entitled.

The findings of the court and the evidence are to the effect
that the taxes thus collected were paid out each year by the
county treasurer for other purposes in pursuance of the order
and direction of the board of supervisors.    This case is unlike
the *Kilbourne* case, as in that case there was no proof that
the money was misappropriated more than six years before the
commencement of the action.

The distinction between a special proceeding under the Rail-
road Act and an action for money had and received, as affected
by the Statute of Limitations, is clearly pointed out in the
decisions of this court, to which we have already referred.
Thus, in the *Spaulding* case, which was a proceeding by a
taxpayer under the statute, the funds were paid into the county
treasury and remained there to the time of the trial, and the
court properly held that there was a continuing duty resting
upon the county treasurer to make the application provided
for by the statute; that that duty continued until it was dis-
charged, and that in such a case the Statute of Limitations
was not a bar.    There is a clear distinction between such a

case and the case at bar. This was an action for money had and received, where the treasurer, instead of applying the money to the purpose for which it was intended, or retaining it in the treasury, misappropriated it by paying the debts of the county under the direction of the board of supervisors. Under all the authorities, from that moment this cause of action arose in favor of the town, and the Statute of Limitations commenced to run. Therefore, the appellant's contention that, although no 'portion of the fund remained in the hands of the treasurer, the county is still liable, and the Statute of Limitations has no application, cannot be sustained, as it is adverse to the decisions of this court, which are decisive of the question.

This leaves for consideration the question whether the plaintiff was entitled to recover that portion of the taxes which was retained by, or paid over to, the town for its own use and benefit. In a special proceeding by a taxpayer under the Railroad Act to compel a county treasurer to comply with its provisions, no such allowance could be made. (*Clark* v. *Sheldon* (134 N. Y. 333). But, in an action for money had and received, it would be quite paradoxical to hold that the plaintiff could recover of the defendant money it had never had, but which the plaintiff had and used for its own purposes.

There is a clear and obvious distinction in this respect between a proceeding instituted under the statute by a taxpayer to compel a county treasurer to properly invest the money which has come into his hands from taxes paid by a railroad company and a case where an action is brought by a town against a county for money had and received. The former is a mandatory proceeding authorized by statute to compel a public officer to perform a ministerial duty imposed upon him by law. To such a proceeding neither the town nor the county is a party. Consequently the rights and equities existing between them are not at issue, and cannot be inquired into. But, where the action is for money had and received, the rights between the town and county are involved, and the equities existing between them may be determined.

In such a case the town is entitled to recover only such moneys as in equity and good conscience belong to it.

This distinction was clearly recognized by this court in *Clark* v. *Sheldon* (*supra*), where it in effect held that if the case then under consideration, which was a proceeding under the statute, was to be controlled by the principles applicable to an action between a town and county, the doctrine contended for by the appellant in this case could not be sustained. This question did not arise in the case of *Ackerson* v. *Supervisors* (72 Hun, 616), as there the court expressly found that all of the railroad taxes paid in each of the years for which the plaintiff sought to recover were, by the direction of the defendant, appropriated to the payment of the liabilities of the county, while in the case at bar it was found that a portion of the amount sought to be recovered was retained by or paid to the town and not appropriated to the use of the county. We think it must be held, both upon principle and authority, that the appellant is not entitled to recover of the county any portion of the taxes paid by the railroad corporation which were received by the town, or of which it had the benefit. The principle upon which an action like this is maintained is that the defendant has money in its hands which equitably belongs to the plaintiff. ' (*Roberts* v. *Ely*, 113 N. Y. 128, 131; *Chapman* v. *Forbes*, 123 N. Y. 532, 537.) Obviously, no such right of action can exist where the money sought to be recovered has been already paid to the party claiming it.

We are also of the opinion that the trial court properly held that the plaintiff was not entitled to recover for the overvaluation of the property of the town.

The judgment of the General Term was right, and should be affirmed.

All concur, except Gray, J., absent.

Judgment affirmed.