OPINION OF THE COURT
Hancock, Jr., J.
Plaintiffs — school districts in Suffolk County — brought these actions for money had and received against defendant towns based upon the towns’ failure to disburse collected school tax moneys at the times required by Suffolk County Tax Act § 13 (a), and § 14 (L 1920, ch 311, as amended). By the time the actions were commenced, the towns — although late in doing so —had paid over to the school districts sums equivalent to the principal amount of taxes then due to the districts. The sole issue we address on this appeal is whether a district may maintain a cause of action for money had and received to recover the unpaid accumulated interest notwithstanding its prior acceptance of the principal sum on which that interest became due. We decide only that the districts may maintain such a cause of action.
I
Plaintiffs are 19 Suffolk County school districts, located within defendant Towns of Huntington, Smithtown and Islip. Between November 1988 and February 1989, plaintiffs com *136 menced these 11 consolidated actions challenging the disbursements of tax moneys collected by the town officials under the Suffolk County Tax Act (the Act). Prior to the commencement of the actions, the town officials disbursed to plaintiffs sums equalling the amount of the school districts’ tax levies for the years in question. In all of the complaints, the districts allege that the towns’ disbursements were made in violation of the time requirements of sections 13 (a) and 14.
Defendants moved to dismiss the complaints arguing, inter alla, that the complaints were legally insufficient because the towns had paid the principal amounts of school tax moneys due. Supreme Court denied defendants’ motions to dismiss, granted partial summary judgment to plaintiffs and set the matter for trial on the issue of damages. Following three separate appeals, the Appellate Division reversed and granted defendants’ motions to dismiss the complaints for failure to state a cause of action for money had and received, holding that "no right of recovery under this theory exists where the money sought to be recovered has already been paid to the party claiming it” (164 AD2d, at 901). This Court granted leave to appeal to plaintiffs and we now reverse.
II
Section 13 (a) and section 14 of the Suffolk County Tax Act establish a two-stage process governing the collection and distribution of school taxes. Essentially, the tax receiver of each town is charged with collecting both the town and school taxes and the town supervisor is charged with distributing to the school districts their properly apportioned shares. Because the district boundaries do not coincide with town boundaries, a town through its receiver and supervisor may collect and distribute taxes to more than one district. A district may receive tax moneys from more than one town.
The first stage or section 13 (a) relates to the obligations of the town tax receiver. Within 15 days after the county legislature delivers the tax warrant to the town tax receiver, the receiver must pay to the town supervisor, "in trust for” the school districts, one half of the amount of the districts’ tax levy or one half of the total amount of taxes collected by that time, whichever is less (§ 13 [a] [1]). Within the next 15 days (or 30 days after the county legislature delivers the tax warrant), the town tax receiver must pay to the town supervisor, "in trust for” the school districts, the balance of the *137 school tax levy or one half of the total amount of taxes collected by that time, whichever is less (§ 13 [a] [2]). The tax receiver is commanded to pay the balance of the taxes collected during these 15-day periods to the supervisor for town expenses (§ 13 [a] [3]). After this 30-day period, at 10-day intervals, the tax receiver must deliver to the supervisor the school tax and town tax money collected in proportion to the balance of unpaid tax levies remaining due to each (§ 13 [a] [4]).
Under the second stage or section 14, the supervisor is ordered "to divide and pay over” the school taxes to the appropriate school districts within three days after receiving school tax money from the receiver under section 13 (a). The Act is silent as to the remedies for late disbursements.
In short, pursuant to section 13 (a), the town tax receiver must pay to the town supervisor in trust for the school district a set portion of the taxes it collects.* Pursuant to section 14, the supervisor must turn over this money to the school districts within three days of its receipt.
Ill
The issue is whether the school districts’ right to timely disbursement of their apportioned shares of collected school tax levies as dictated by sections 13 (a) and 14 of the Act can be enforced in a cause of action for money had and received when the districts, before commencement of legal action, have received the principal amounts of the taxes improperly withheld but not the accumulated interest on those amounts. *138 Neither the Act nor existing decisional law provides an explicit answer. But, applying the general principles underlying such an action to the particular obligations imposed on a town under the Act, we hold that the districts’ right to collect the interest that they would otherwise have under a cause of action for money had and received is not negated by their receipt of an amount of money equal to the principal sums due. Taking the allegations of the complaints as true, as we must, the towns’ dismissal motions under CPLR 3211 (a) (7) should have been denied.
A cause of action for money had and received is one of quasi-contract or of contract implied-in-law (see, State of New York v Barclays Bank, 76 NY2d 533, 540; Parsa v State of New York, 64 NY2d 143, 148). As this Court has explained, the law recognizes such a cause of action "in the absence of an agreement when one party possesses money that in equity and good conscience [it] ought not to retain and that belongs to another (Miller v Schloss, 218 NY 400, 406-407). It allows [a] plaintiff to recover money which has come into the hands of the defendant 'impressed with a species of trust’ (see Chapman v Forbes, 123 NY 532, 537) because under the circumstances it is ' "against good conscience for the defendant to keep the money” ’ (Federal Ins. Co. v Groveland State Bank, 37 NY2d 252, 258, quoting from Schank v Schuchman, 212 NY 352, 358). * * * The action depends upon equitable principles in the sense that broad considerations of right, justice and morality apply to it, but it has long been considered an action at law (see Roberts v Ely, 113 NY 128; Diefenthaler v Mayor of City of N. Y., 111 NY 331, 337).” (Parsa v State of New York, 64 NY2d, at 148, supra.)
These same principles of equity and considerations of justice apply no less in cases where one municipality, in violation of some statutory mandate, has withheld or misapplied tax moneys which it was obligated to pay over to another (see, Strough v Board of Supervisors, 119 NY 212; Buchanan v Town of Salina, 270 App Div 207, on remand 186 Misc 205, affd 270 App Div 1074, affd 297 NY 508; Village of Elmira Hgts. v Town of Horseheads, 234 App Div 270, affd 260 NY 507; City of Buffalo v County of Erie, 88 Misc 591, affd 171 App Div 973, affd 220 NY 620; see also, Matter of Clark v Sheldon, 134 NY 333). Thus, in Strough v Board of Supervisors (supra), the Court recognized that a cause of action for money had and received on behalf of a town would lie against a county for using railroad taxes for its own purposes instead *139 of applying them on the railroad bonds as required by a statute. In affirming the judgment against the county for the amount of taxes and for interest thereon, the Court observed that the "county applied [the tax money], in contravention of the act, towards the discharge of county obligations. It ought in justice to restore it and make good to the town what it has lost by its unauthorized acts.” (Strough v Board of Supervisors, 119 NY, at 219, supra [emphasis added].) Moreover, the Court in Strough held that the county became immediately liable upon its misuse of the funds in violation of its statutory obligation and that the town’s cause of action for the amount of these misused funds together with interest arose without the necessity of a demand and a denial of its right. (Id., at 220; see, Wood v Young, 141 NY 211, 217-218 [party receiving money for express benefit of another held to be obligated to pay it over when received and liable for failure to do so without a demand and refusal]; see also, Village of Elmira Hgts. v Town of Horseheads, supra, at 273; People v Hedges, 184 App Div 901.)
The districts point to the mandatory nature of the language in section 13 (a) of the Act "commanding the receiver of taxes” (emphasis added) to collect the taxes as assessed and "further commanding him to pay over” (emphasis added) the sums collected to the school districts in the amounts and within the time limits specifically required by the statute. Under section 13 (a), they emphasize, the receiver’s payments of the apportioned amounts to the supervisor are made "in trust for the school districts”, and, under section 14, it is provided that the supervisor "shall divide and pay over” (emphasis added) the apportioned amounts to the school districts within three days. Plaintiffs point out that this statutory scheme is self-executing and that a town’s obligation to make each payment for the apportioned amount and by the cut-off date as determined by the statute arises automatically. Thus, on the authority of Strough v Board of Supervisors, and subsequent cases, plaintiffs maintain that when a town fails to make a payment by the required date it becomes liable in an action for money had and received — without the necessity of a demand and refusal — for the principal amount of the tax withheld with interest from the date of the improper withholding. We agree with this contention. The decisive question, however, is whether a town may absolve itself from its automatically accruing liability for interest on the amounts improperly withheld by simply paying off the principal sum *140 owed before a district can commence its lawsuit. Plaintiffs argue thát their right to the interest under the self-executing provisions of the Act survives their late receipt of the principal sums and that it would be contrary to the statutory scheme and to the equitable principles underlying an action for money had and received to hold otherwise; such a result would permit the towns to enjoy the use of the districts’ money interest free provided only that they have succeeded in paying the principal amounts before suit. Again, we agree.
There can be little question that under any consideration of "right, justice and morality” (Parsa v State of New York, supra, at 148) plaintiffs, in order to be made whole, should be permitted to assert a claim to recover any interest that may be due them. At any given time after a town’s failure to pay a particular share of taxes to a district in the amount and on the date specified in the tax act, the total owed by the town for that withheld payment would be the principal plus the interest as computed from the date of the improper withholding. There is no suggestion that the districts, when they belatedly received the principal amounts of their shares of the taxes, accepted these payments in satisfaction of the total sums then owed to them — i.e., the principal sums plus the accumulated interest. Nor is there any basis for holding that the districts have abandoned their right to the accumulated interest or that they should in fairness be estopped from seeking to enforce that right. Indeed, our Court has rejected similar arguments where the debtor has become obligated to pay interest.
In Davison v Klaess (280 NY 252) the Court held that where a debtor has agreed to pay interest on overdue amounts, the plaintiffs’ receipt of partial payments which were applied on the principal did not relieve the defendant of the obligation to pay interest. The Court determined that in the absence of an agreement as to how the partial payments should be applied "it became immaterial whether plaintiffs accepted the partial payments and applied them exclusively on the principal indebtedness, for when interest is due by the terms of the contract the payment of the principal is no bar to its subsequent recovery” (id., at 261). In commenting on the equities, the Court observed that if "there ever was a case where the rule of 'just compensation’ and that interest should be added to make plaintiffs whole should be applied (Prager v. N. J. Fidelity & Plate Glass Ins. Co., 245 N. Y. 1), this is one, for while defendant failed to pay an agreed balance due, she has *141 had the advantage [of plaintiffs’ performance] * * * and plaintiffs have been without the use of their money concededly justly due.” (Id., at 263.)
The towns concede that if they had not paid over the principal amounts of school tax levies due to the districts, the districts could properly have brought an action for money had and received, and that any judgment in such action would have included an amount of interest computed from the date that the principal sums were due (see, CPLR 5001). Nevertheless, relying principally on Peirson v Board of Supervisors (155 NY 105), they contend that the districts’ receipt of the overdue principal sums defeats their claims to the interest. But Peirson is readily distinguished and does not help their argument.
Like Strough, Peirson involved an action by a town to recover railroad taxes applicable to town bonds under the Railroad Act of 1871 some of which the county had used for its own purposes in violation of the statute. A portion of the taxes, however, had been paid to the town and used for its benefit. As to this portion, the Court held that the town had no cause of action for money had and received observing that "it would be quite paradoxical to hold that the [town] could recover of the [county] money [the county] never had, but which the [town] had and used for its own purposes.” (Id., at 110.) Here, in contrast, there is no dispute over the ultimate • disposition of the taxes collected. The only question concerns interest on taxes improperly withheld. For at least some periods of time, unlike in Peirson, the towns did have and use the districts’ school- tax moneys and the districts were deprived of that use.
Defendant towns also cite the decisions of our Court disallowing interest where a taxpayer has paid a tax under protest under a valid statute and obtained a refund of the amount improperly paid (see, Matter of City of New York v Tully, 55 NY2d 960; Matter of Brodsky v Murphy, 25 NY2d 518; but see, Matter of O’Berry, 179 NY 285 [interest allowed on recovery of amount paid to State under color of a law held to be unconstitutional and void]). But Matter of City of New York (supra) and Matter of Brodsky (supra) involved litigated disputes over the right of the taxing authority to retain the tax, not the sort of instantaneous liability incurred by the towns here upon their failure to apportion and pay over collected taxes. Under the self-executing provisions of the Suffolk County Tax Act, *142 from the moment of a town’s default, nothing is in dispute. The amount owed and the town’s obligation to pay it are both determined. And from the moment of a town’s failure to pay that amount it is liable for both the principal and accumulated interest in the same way that the debtor in Davison v Klaess (supra) who agreed to pay interest on overdue sums was liable. In Davison we held that despite the plaintiffs’ receipt of overdue principal payments they were nevertheless entitled to accumulated interest on those sums as "just compensation” in order to be made whole (see, Prager v New Jersey Fid. & Plate Glass Ins. Co., 245 NY 1, 6). We see no reason why a different rule should apply where the towns’ liability for principal and interest arises automatically upon their failure to comply with the Act (see, e.g., Strough v Board of Supervisors, supra) and where, as a result of that noncompliance, the school districts have allegedly lost their rightful use of the money.
Accordingly, in each action, the order is reversed, with costs, and the case remitted to the Appellate Division, Second Department, for consideration of all issues, including but not limited to pertinent Statute of Limitations defenses if any, not reached on the appeal to that court.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
In each action, order reversed, etc.

 The following table illustrates how a town tax receiver would apportion to a school district various sums of tax moneys received during the time periods established by section 13 (a). Assume that of the total of $10,000,000 of taxes to be collected $8,000,000 are allocable to the school district and $2,000,000 to the town.
[[Image here]]