■ ATRIA BUILDERS, L.L.C., et al., Appellants, v MORGAN 32 HOLDINGS, L.L.C., et al., Defendants, and PETRA MORTGAGE CAPITAL CORP., L.L.C., Also Known as PETRA CAPITAL MANAGEMENT, Respondent. [922 NYS2d 364]—

Order, Supreme Court, New York County (Ira Gammerman,

J.H.O.), entered December 28, 2009, and order, same court and Judicial Hearing Officer, entered January 5, 2010, which, to the extent appealed from as limited by the briefs, granted defendant Petra Mortgage Capital Corp, L.L.C.'s, also known as Petra Capital Management, motion to dismiss plaintiff's causes of action for money had and received, conversion, and foreclosure on a mechanic's lien, unanimously affirmed, with costs.

Plaintiff Atria Builders, L.L.C. (Atria) and defendant owner Morgan 32 Holdings, L.L.C. (Morgan) entered a construction contract requiring the former to provide letters of credit in the total amount of $1,000,000, which were to be drawable solely by the owner's lender, defendant Petra Mortgage Capital Corp. (Petra), in the event of default.

Pursuant to a loan and security agreement (loan agreement), entered into by Morgan, as borrower, and Petra, Morgan was to provide letters of credit in the aggregate amount of $1,000,000, as well as an additional letter of credit in the amount of $750,000, as security for Atria's performance under the construction contract.

The loan agreement provided that upon the default by Atria under the construction contract, Petra was authorized to draw on the letters of credit. Pursuant to its own obligations under the construction contract, Atria posted two letters of credit, each in the sum of $500,000, and each naming Petra as beneficiary.

In connection with the project, Atria incurred escalated construction costs and time delays, which were allegedly due to Morgan's and Petra's failure to fund certain necessary changes to the scope of the work. Morgan terminated the construction contract, and Petra drew down upon both letters of credit in the aggregate amount of $1,000,000.

Thereafter, plaintiffs commenced this action seeking to recover, inter alia, damages allegedly incurred from Petra's improper draw down. As relevant to this appeal, plaintiffs asserted causes of action against Petra for money had and received and conversion. Although plaintiffs argue that they also sought a mechanic's lien against Petra, the complaint alleged that cause of action against only Morgan.

Judicial Hearing Officer Gammerman correctly found that plaintiffs' claims for money had and received were not viable. Atria's right to recover losses based on Petra's improper draw down on the letters of credit was expressly covered by the construction contract. That contract identified Morgan as the party from which Atria was required to seek indemnification and payment. Thus, Atria's quasi contract claim for money had

and received was barred by the existence of the written construction contract (*see Board of Educ. of Cold Spring Harbor Cent. School Dist. v Rettaliata*, 78 NY2d 128, 138 [1991]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382 [1987]; *Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268, 269 [2003]).

Further, the record shows that Atria did not have a tangible and definable interest in the letters of credit sufficient to maintain a cause of action for conversion (*see Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]).

.With respect to plaintiffs' purported cause of action for foreclosure on a mechanic's lien, even if the cause was asserted against Petra, plaintiffs did not address this issue below, and we decline to review it in the interests of justice.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Saxe, J.P., Catterson, Acosta, Abdus-Salaam and Román, JJ.